JAMES G. ROSS, Respondent, *v.* SAMUEL P. WIGG, Appellant.

Within the meaning of the provision of the Code of Civil Procedure (§ 1296), which declares that "a person aggrieved, who is not a party" to an action or proceeding, but who is entitled to be substituted in place of a party, may appeal from a judgment or order; a person is not "aggrieved" unless the judgment or order has binding force against his rights, his person or his property; the fact that it may remotely or contingently affect interests which he represents does not give him a right to appeal.

A receiver appointed in supplementary procedings is not entitled to be substituted as defendant in place of the judgment debtor in an action brought by other creditors against him.

*It seems* that said provision contemplates mainly, if not exclusively, cases where the party to the record is merely a nominal one, and the real party

in interest is the one aggrieved, or where, since the judgment or order, there has been in some way a devolution of the entire interest upon some person not a party.

On March 7, 1884, an attachment and order of arrest were issued herein, which were executed the next day; on March 19 defendant obtained an order to show cause why they should not be vacated, the motion was denied, and on March 28 defendant appealed from the order. On March 24 other creditors obtained a judgment against defendant. Supplementary proceedings were instituted thereon, which resulted in the appointment of D. as receiver of defendant's property on June 4. On June 27 the appeal from the order was argued. On July 12 defendant, without the presence of his attorney, offered judgment for the entire amount claimed, and stipulated that an order should be entered dismissing the appeal, and on July 14 an *ex parte* order to that effect was entered, the offer of judgment was accepted and judgment was entered. Notwithstanding this the General Term affirmed the order appealed from. An order of affirmance was entered by D., and the defendant's attorney, who appealed therefrom in defendant's name, to this court, and moved to substitute D. as defendant. *Held,* that D. was not entitled to appeal or to be substituted.

*It seems* that the remedy of the receiver, if any, was under the provision of the Code of Civil Procedure (§ 682), authorizing a person who has acquired an interest in attached property to move to vacate or modify the attachment, or if the judgment and proceedings herein were collusive and fraudulent as against the other creditors of defendant, to institute an equitable action to set them aside.

(Argued October 9, 1885; decided October 27, 1885.)

Appeal from order of the General Term of the Supreme Court, in the fourth judicial department, made August 25, 1885, which affirmed an order of Special Term, denying a motion to vacate an order of arrest and an attachment issued herein. Also motion to substitute James Dowdle, receiver, as defendant.

The material facts are stated in the opinion.

*W. H. Kenyon* for motion. The receiver in supplementary proceedings of the defendant's property cannot be substituted for the defendant as a party to the action; and, therefore, he cannot appeal. (Code, §§ 1296, 682; *Honegger* v. *Wettstein,* 94 N. Y. 252.) The defendant had a right to make the stipu-

lation for the dismissal of the appeal. It is not in any sense an interference with his property. (Code, § 682.) The order dismissing appeal was properly entered in vacation. (Supreme Court Rule 11 ; 2 Edm. Stat., § 9.)

*Nathaniel C. Moak* opposed.

Earl, J. On the 7th day of March, 1884, an attachment and order of arrest were granted in this action, and they were executed on the day following. On the 19th of March the defendant obtained an order to show cause why the attachment and order of arrest should not be vacated. · That motion was denied, and on the 24th of March, Christie and others obtained a judgment against the defendant. On the 28th of March the defendant appealed from the order, refusing to vacate the attachment and order of arrest, to the General Term. On the 29th of April supplementary proceedings were commenced by Christie and others upon their judgment, which resulted in the appointment of Dowdle as receiver of the defendant's property on the 4th of June. On the 27th of June the appeal from the order refusing to vacate the attachment was argued at the General Term. On the 12th of July the defendant personally, without the presence of his attorney, offered judgment for the entire amount claimed by the plaintiff against him, and at the same time stipulated that an order should be entered dismissing the appeal to the General Term on filing the stipulation without further notice ; and on the 14th day of July an *ex parte* order to that effect was entered in the office of the county clerk of Oswego county. On the same day plaintiff's attorney accepted defendant's offer of judgment, and perfected judgment for the full amount claimed. The General Term subsequently affirmed the order of the Special Term, notwithstanding the order dismissing the appeal. On the 25th of August, 1885, an order of affirmance was entered by Dowdle, receiver, and defendant's attorney, and on the 29th of the same month the attorney and the receiver appealed in the name of the defendant to this court.

This motion is made to dismiss such appeal, and, we think, it should be granted.

It is undisputed that the appeal is without the authority of the defendant, and is brought by the receiver alone, who is not a party to the action. It is claimed, however, that the receiver was entitled to appeal under section 1296 of the Code, which provides that " a person aggrieved, who is not a party, but is entitled by law to be substituted, in place of a party ; or who has acquired since the making of the order, or the rendering of the judgment appealed from, an interest, which would have entitled him to be so substituted, if it had been previously acquired, may also appeal as prescribed in this chapter for an appeal by a party. But the appeal cannot be heard until he has been substituted in place of the party ; and, if he unreasonably neglects to procure an order of substitution, the appeal may be dismissed upon motion of the respondent." This case is not within that section. We have great doubt whether the receiver is an aggrieved party. He is in no way bound or affected by the order from which he has brought the appeal. That order simply affirmed an order previously made to which he was not a party. The fact that it may remotely or contingently affect interests which he represents does not give him a right to appeal. Before a person can be said to be aggrieved within the meaning of that section by an adjudication, it must have binding force against his rights, his person or his property. But before one not a party can claim the right to appeal he must not only be aggrieved, but he must be entitled to be substituted, and it is clear that the receiver was not entitled to be substituted in the place of the defendant. We know of no principle or rule of law which would authorize any court to strike the name of the defendant from the record against the will of the plaintiff and substitute in its place the name of the receiver. The plaintiff was entitled to retain his judgment against the defendant for what it was worth and enforce it against him if he could. Section 1296 contemplates cases mainly, if not exclusively, where the party to the record is merely a nominal one and the real party in interest is the one

aggrieved because he is the real party ; or where since the judgment or order there has been by death or in some other way a devolution of the entire interests or property involved in the litigation to some other person who has thus become the party aggrieved.   The defendant too had a right to be upon the record in his own name and to defend the action if he thought proper, and if not, to consent to any disposition of it to which the parties could agree.   The remedy of the receiver, if he had any, was under section 682 of the Code, which provides that a person who has acquired a lien or interest in attached property after its attachment " may at any time before the actual application of the attached property, or the proceeds thereof, to the payment of a judgment recovered in the action, apply to vacate or modify the warrant, or to increase the security given by the plaintiff, or for one or more of those forms of relief, together, or in the alternative."   Or if the judgment in this action and the subsequent proceedings have been collusive and fraudulent with intent to defraud the honest creditors of the defendant, the receiver may institute an equitable action to set them aside.

We are, therefore, of opinion that this motion should be granted, with costs of appeal to this court and $10 costs of motion.

The views thus far expressed also disposed of the motion on behalf of the receiver to be substituted in the place of the defendant, under section 1299 of the Code, which provides that, where on an appeal from one court to another an application for an order of substitution is permitted in the last three sections, it shall be made to the appellate court.   As he was not entitled to be substituted under either of the sections named, the motion must be denied, with $10 costs.

All concur.

Ordered accordingly.