PEOPLE *ex rel.* BOARD OF EDUCATION *v.* GRACE *et al.*

(*Supreme Court, General Term, First Department.*    June 19, 1888.)

APPEAL—DISMISSAL—CESSATION OF CONTROVERSY.

An appeal from an order denying a *mandamus* to compel the board of estimate and apportionment to make a final estimate, in a certain manner, of the amount required to pay certain expenses for a year which expires before the record is brought before the general term for review, will be dismissed.

Appeal from special term.

Motion for *mandamus* by the People *ex rel.* Board of Education of the City of New York against William R. Grace *et al.*, constituting the board of estimate and apportionment for the city of New York. Motion denied, and petitioner appeals.

Argued before BRADY, P. J., and DANIELS and BARTLETT, JJ.

*R. G. Beardslee*, for appellant. *David J. Dean*, for respondent.

PER CURIAM. This action presents only an abstract question of law, the decision of which can have no particular effect upon the matters involved in the present proceeding. The appeal is taken from an order of the special term denying a motion for a peremptory writ of *mandamus* commanding the board of estimate and apportionment to make a final estimate of the amount required to pay the expenses of the board of education for the year 1887 in one aggregate sum, instead of making that estimate in separate items by appropriating certain specific amounts to certain separately stated objects. The motion for a writ appears to have been made on December 21, 1886, and to have been decided on December 27, 1886, but the order is not brought before us for review until May, 1888. The application related solely to the action of the board of estimate and apportionment with reference to the year 1887. What the relators wanted was to compel the respondents to make their estimate for the board of education for the year 1887 in one aggregate sum. But that year has wholly expired. All the expenses of the board of education for 1887 have presumably long since been paid. Any determination, therefore, which we may now make in respect to the manner in which the estimate of the respondents should have been prepared, will be merely an expression of opinion after the event, incapable of any application to the facts presented by the record before us. In the case of *People* v. *Common Council*, 82 N. Y. 575, the court of appeals says: "We do not decide mere abstract questions, from the determination of which no practical result can follow." The same rule applies to the action of the general term. If the board of education desires a decision by this court upon the question of law sought to be presented herein, it must bring that question before us in such a way and at such a time as to enable us to give effect to any judgment that may be rendered. The appeal should be dismissed, with costs.