THE PEOPLE ex rel. THE TWENTY–THIRD STREET RAILROAD COMPANY, Respondent, *v.* ROLLIN M. SQUIRE, Commissioner, etc., Appellant.

Where a writ of *mandamus,* directed to a commissioner of public works in the city of New York, requiring him to issue a permit to the relator for the removal of a pavement, had been fully executed and the permit availed of by the relator, and thereafter the commissioner had gone out of office, *held,* on appeal to this court, that, as there was no question of practical importance to be decided, the order granting the writ should be affirmed without considering the question as to whether the relator was entitled to the writ.

(Argued October 2, 1888; decided October 16, 1888.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made January 4, 1888, which affirmed an order of Special Term directing the issuing of a writ of *mandamus,* the substance of which is stated in the *mem.* of opinion, which is as follows.

"The defendant was commanded to execute and deliver to the relator a permit for the removal of the pavement for the

purpose of laying and constructing certain connections for the road of the relator at the intersection of Broadway and Bleecker street and some other places. This has been done and the relator has availed itself of the permit and laid its rails and made its connections as desired. The defendant having given the permit as commanded, appealed to the General Term from the order granting the writ, which court has affirmed the order, and from such order of affirmance the defendant has appealed here.

"Since the permit was granted it is undisputed that the defendant has gone out of office. The city of New York is not a party to the litigation, and is not bound by any judgment heretofore entered in this proceeding. The counsel for the defendant desires on this appeal to review the right of the relator to the writ of *mandamus* which has heretofore been granted and fully executed, and he desires to show that the courts below were in error and that the writ should not have been granted. He bases such claim upon the ground that certain statutes which might perhaps have given the right to relator to the permit from defendant have been repealed.

"Without considering or deciding such questions we think the order appealed from should be affirmed, because there is no question of practical importance to be decided under it.

"If the city desire to raise the question of the right of relator to occupy the streets nothing in this litigation restrains it therefrom, and the decision of the question here would not bind the city. We think, therefore, it is not of any practical importance and the appeal should not be heard or decided upon the merits.

"No question is raised as to the costs in the court below and we take no notice of it here.

"The order should, therefore, be affirmed, without costs."

*D. J. Dean* for appellant.

*Leslie W. Russell* for respondent.

*Per Curiam mem.* for affirmance.
All concur.
Order affirmed.