PEOPLE *ex rel.* STEINGOETTER *v.* BOARD OF CANVASSERS.

(*Supreme Court, General Term, Fifth Department.* October 19, 1888.)

1. APPEAL—RIGHT TO APPEAL—PARTIES.

On motion by a candidate for office for a *mandamus* to the board of canvassers to adopt a certain one of two statements of the canvass of votes of a district, the opposing candidate moved for permission to appear and be heard, which was granted, but subsequently a further order that he appeared and was made a party was refused. *Held*, that he could not appeal from an order granting the writ, and that, if he could, a reversal would establish no right, and no benefit would result.

2. ELECTIONS AND VOTERS—CANVASS OF VOTES—MANDAMUS—PARTIES.

As appellant received all he asked for on his first motion, and as a complete determination did not require his presence under Code Civil Proc. N. Y. § 452, providing for bringing in a person where a complete determination cannot be had without his presence, and where one not a party has an interest which may be affected by the judgment, and as by section 3343, subd. 20, the latter condition of section 452,

does not apply to a special proceeding, and as he would not be concluded by the determination, and is therefore not within section 1296, allowing an aggrieved person, not a party, but entitled to be substituted as a party, to appeal, the order refusing to allow him to be made a party will not be reversed.

Appeal from special term, Erie county.

Application for peremptory writ of *mandamus*. Charles F. Bishop appeals from an order directing the writ to issue, and also from an order denying his motion to be made a party to the proceeding. Relator moves to dismiss the first appeal.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

*B. S. Farrington,* for appellant.   *Norris Morey,* for relator.

BRADLEY, J.   The relator and Charles F. Bishop were opposing candidates for election to the office of county treasurer of Erie county at the general election held November 8, 1887.   After the close of the polls, and on that day, the inspectors of the Sixth election district of the Seventh ward of the city of Buffalo made and subscribed in duplicate what purported to be a statement of the canvass in substantially the form required by statute of the votes cast in such election district, and left such duplicate statements, for delivery to the proper officers, with one of their number, who the next day filed one of them with the clerk of the city.   Later, on November 9th, another statement was made out, and by the same inspectors subscribed, purporting to represent the canvass of the votes cast in the election district, and was filed with the clerk of the county.   The number of votes represented by those statements to have been cast for the relator as such candidate so differed that in the last statement it was increased, and was 100 greater than in the first one.   The last one is that which the defendant was directed by the writ of *mandamus* to adopt and include in the canvass.   This was done by the board.   The motion for the writ was brought to hearing upon an order to show cause, and at the hearing, Bishop, by his counsel, stated to the court that, as the opposing candidate for the office of county treasurer, he "was interested in the motion, and desired to be heard" and moved that he be allowed to appear and be heard.   The motion was granted by the court, and in his behalf affidavits were read in opposition to the motion.   All this appears in the order granting the writ, as the order was subsequently amended.   The relator's attorneys refused to recognize his right to appeal, and, after his appeal was taken from the order directing the writ to issue, a motion in behalf of Bishop was made for an order to the effect that he appeared in and was made a party to the proceeding.   This motion was denied, further than as before stated.   It is difficult to see how his appeal can be supported unless he may be treated as a party to the proceeding.   The statute provides for bringing in a person where a complete determination of the controversy cannot without his presence be had, and where a person not a party to the action has an interest which may be affected by the judgment.   Code Civil Proc. § 452.   The portion of the section which in terms relates to actions and judgments has no application to special proceedings.   Id. § 3343, subd. 20.   Nor was the court by any provision of that section required to direct that the appellant be brought in, as the complete determination of the controversy involved in the proceeding did not require his presence.   *Osterhoudt* v. *Board,* 98 N. Y. 239; *Bank* v. *Farthing,* 101 N. Y. 344, 4 N. E. Rep. 734.   It is, however, urged that he comes within the provision of the statute that "a person aggrieved, who is not a party, but is entitled by law to be substituted in place of a party," may appeal, although his appeal cannot be heard until he is so substituted.   Code, § 1296.   This was a proceeding in which the county board of canvassers was a necessary party, as the writ in view has relation to the official action of such board.   And the substitution of another in such manner as to have the effect to displace the board as a party to the proceeding would seem not to be prac-

ticably within the contemplation of the provisions of that section. Those provisions have in view the substitution, and not the addition, of a party merely. At all events, it is very questionable whether in a proceeding of this character a substitution of another in the place of the defendant can be brought within such statute. Assuming that the appellant may be deemed a person aggrieved, within the provisions of the statute, (Id. § 1294,) so as to enable him, if made a party, to appeal, he was not entitled by law to be substituted in place of the defendant, if for no other reason, because he is not concluded by the determination of the proceeding. His right remains unaffected to assert his claim of title to the office, and to obtain judicial action and adjudication to that effect, if he is entitled to it. His case, therefore, is not within section 1296, before referred to. *Ross* v. *Wigg*, 100 N. Y. 243, 3 N. E. Rep. 180. If these views are correct, the appellant, as matter of right, is not entitled to be made or substituted as a party defendant in the proceeding. Upon the affidavits on which the motion at special term that he be made a party was heard, the conclusion was warranted that by the order made as amended he was granted all that was asked for at the time the motion for the *mandamus* was heard. It is not claimed on his part that the appellant by that order was given the relation of a party to the proceeding, and in view of such affidavits we are not warranted in modifying the order as made in that respect, or in reversing it so far as it denied the motion of the appellant to be made or substituted as a party. If, however, the court on this review properly could and should treat the appellant as a party for the purposes of reviewing the order allowing the writ to issue, no substantial benefit could result from it to any party. A reversal of the order would establish no right. The party having the certificate of election, and in possession of the office, would hold it until his right to it should be denied, and that of another declared by adjudication in a further and proper proceeding or action to determine the title to it. Without expressing any views we may entertain in respect to the proceedings of the election district inspectors, which may justly have merited criticism, and their legitimate effect, the conclusion seems to follow that the order denying the motion to substitute the appellant as a party must be affirmed, and that the appeal from the order directing the writ of *mandamus* to issue must be dismissed.

BARKER, P. J., and HAIGHT and DWIGHT, JJ., concur.