### In re SCHWAGER.

(*Supreme Court, General Term, First Department.* January 16, 1891.)

1. MANDAMUS—DENIAL—APPEAL—REVIEW.

On appeal from an order dismissing appellant's application for *mandamus* to compel the board of police commissioners to print his name as candidate for the office of alderman on two sets of ballots, the merits will not be considered where the order was made after the election had taken place, as no advantage can result to appellant.

2. SAME—COSTS.

But where costs were awarded against appellant on the dismissal of his application, the order will be modified so as not to include costs, and, as so modified, will be affirmed.

Appeal from special term, New York county.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Henry R. Beekman* and *Lewis L. Delafield*, for appellant.    *Chas. Blandy*, for respondent.

DANIELS, J.    The appellant, being a candidate for the office of alderman, in the nineteenth assembly district in the city of New York, applied to the board of police commissioners to prepare, print, and distribute through the district two sets of ballots containing his name as an aldermanic candidate to be voted at the election in November in the year 1890.   They conceded the right to have the name placed on one set of the ballots, but beyond that denied it.   To secure compliance with his application to place the name upon two sets of the ballots he applied upon notice for a peremptory writ of *mandamus*.   This application was denied by an order made on the 10th day of November, which was after the election had taken place; and on or about the 14th of November he took this appeal from the order.   It is plain, therefore, that no practical effect can now by any possibility be promoted by considering the merits of the petitioner's application to the commissioners.   The time has expired within which any possible advantage can be obtained by the appellant.   If the court should be of the opinion, upon an examination of the provisions of the statute, that the applicant should have had his name printed upon two sets of ballots, not the slightest benefit could be derived by him from the decision; and when that appears to be the condition of any legal proceeding it is the settled practice to decline its consideration.   The continued pressure upon the time of this court is too great to permit any part of it to be devoted to the solution of merely speculative controversies; and the au-

thorities are decidedly against that use of it. *Hyatt* v. *Dusenbury*, 12 N. E. Rep. 711; *People* v. *Grace*, 1 N. Y. Supp. 661; *People* v. *Board*, 11 N. Y. Supp. 296; *People* v. *Squire*, 110 N. Y. 666, 18 N. E. Rep. 362. The fact that costs have been awarded against the applicant will not avoid the effect of this principle. As the court could at the time of the decision afford him no relief, even if his position was legally entitled to be sustained, the application should have been dismissed without costs; and the order may very well be so far modified as to now give that direction. The order should therefore be changed to that effect, and as so modified, the order should be affirmed, without costs. All concur.