IN THE MATTER OF THE APPLICATION OF HUGH H. WOODWORTH AND OTHERS, FOR AN ORDER TO THE COUNTY CLERK OF SENECA COUNTY.

*Election laws — an order of a judge deciding upon an objection to a nomination is not appealable — who is a "person aggrieved" by such an order — abstract questions not considered on appeal.*

Section 13 of chapter 262 of the Laws of 1890, relating to certificates of nomination and objections thereto, provides that where objection is made to a nomination the county clerk shall, in the first instance, pass upon the validity of the objection, and his decision shall be final unless an order of a competent court or of a justice of the Supreme Court be made on or before the Wednesday preceding the election.

Two factions of one party having made and filed separate nominations of different candidates for certain county offices, the question arose as to what names should be printed on the ballots. The clerk decided in favor of one faction; subsequently a justice of the Supreme Court made an order directing the clerk to print on the official ballot the names of the candidates of the other faction.

A member of a county committee which represented one faction was by order substituted in the proceeding in place of the county clerk, and took an appeal on behalf of himself and his associates.

*Held*, that the order of the justice of the Supreme Court was final, and that no appeal could be taken therefrom.

That a member of a county committee, who was not a candidate upon any ticket, was not a person aggrieved, and could not, in any event, appeal from the order.

That it was not the province of the court to decide abstract questions of law which could have no effect upon either candidate nor upon the election.

APPEAL by Duncan McArthur, a person substituted by order as the representative of the Republican County Committee of the county of Seneca, in place of its county clerk, from an order of Hon. W. H. ADAMS, a Justice of the Supreme Court, entered in the office of said county clerk on the 28th day of October, 1891, ordering the county clerk to print on the official ballot the names of the nominees in the certificate of nominations signed by Hugh H. Woodworth and others, as a committee authorized by the republican county convention, as the regular republican nominees for offices at the next election.

The principal questions involved in this appeal arose under section 13 of chapter 262 of the Laws of 1890, which reads as follows:

"All certificates of nomination, which are in apparent conformity

with the provisions of this act, shall be deemed to be valid, unless objection thereto shall be duly made in writing within three days after the filing of the same. In case such objection is made, notice thereof shall forthwith be mailed to all candidates who may be affected thereby, addressed to them at their respective places of residence as given in the certificate of nomination. The officer with whom the original certificate was filed shall, in the first instance, pass upon the validity of such objection, and his decision shall be final, unless an order shall be made in the matter by a court of competent jurisdiction, or by a justice of the Supreme Court at chambers, on or before the Wednesday preceding the election. Such order may be made summarily upon application of any party interested and upon such notice as the court or judge may require."

*W. A. Sutherland*, for the appellant.

*Frederick L. Manning*, for the relators.

LEWIS, J.:

Two rival republican county conventions were held in Seneca county in the year 1891. For the purpose of identification one of the conventions is designated in the record as the "Mongin Convention" and the other as the "Patterson Convention." Each convention claimed to be genuine and regularly organized.

Each put in nomination candidates for county officers to be voted for by the electors of Seneca county at the general election in November, 1891, and each convention caused to be filed with the clerk of Seneca county a certificate of the nomination of its candidates, in due form, as required by section 4 of said act. The county clerk received and filed both certificates. Objections were duly filed to both, and, after due notice to the respective candidates, the objections were investigated by the county clerk and he decided in favor of the certificate of the Mongin convention.

An application was thereupon made by the nominees of the Patterson convention to Justice WILLIAM H. ADAMS of the Supreme Court for an order directing the clerk to print upon the official ballots the names of the nominees of the Patterson convention, and, after hearing the parties interested, Justice ADAMS made the order appealed from, directing the clerk to print on the official ballots the names of the nominees of the Patterson convention.

The clerk complied with the order; the election took place, and thereafter, and on the 28th day of November, 1891, at a Special Term of the Supreme Court, upon motion of Duncan McArthur, who claimed to be one of the members of the Republican County Committee of Seneca county by appointment of the Mongin convention, an order was made that he be substituted in the above-entitled matter in the place of Edward Nugent, county clerk of Seneca county, for the purposes of an appeal, and to the end that his interests and that of his colleagues in the Republican County Committee be protected; and he thereupon brought this appeal.

Is the order appealable? The county clerk primarily hears, investigates and decides upon the validity of the objections, and, unless an order be made in the matter by a justice of the Supreme Court, or a court of competent jurisdiction, the county clerk's decision is final.

Any party interested can apply to a justice of the Supreme Court to investigate and decide between the contending candidates.

If the decision of the county clerk, who, presumably, as a rule, is not a lawyer, is to be final, there would seem to be no good reason why the decision of the question by a competent court, or a justice of the Supreme Court, should not also be final. The exigencies of the case must always prevent much delay in the investigation and decision of the question.

Conventions are usually held but a few days prior to the day of election. In this case the conventions met on the twelfth of October; certificates were filed the next day; the election occurred November third.

The certificate of nominations is required to be filed with the county clerk not more than thirty nor less than twenty days before the election. A list of the certified names must be published at least six days before election, and sample copies of the ballots must be prepared and ready for public inspection seven days before election. So that the time within which these questions may be investigated and decided is brief and the proceedings must necessarily be summary. We think it must be held that the act does not contemplate that an appeal can be taken from the order of the judge.

But, if the order should be held to be appealable, the appeal must be taken by a party who has some right to be protected or

some wrong to be redressed or prevented. A party aggrieved may appeal. (Sec. 1294 of the Code.) A person aggrieved who is not a party, but is entitled by law to be substituted, may make application for an order that he be substituted in place of the party. Mr. McArthur was not one of the nominated candidates. He had no interest in the question that was not common to all the electors of the county of Seneca. He is not, within the meaning of the Code, an aggrieved or interested party. It is suggested in the brief of the appellant's counsel that the decision of Justice ADAMS may affect the question as to the *personnel* of the county committee of Seneca county for the year 1892. If so, that would not seem to furnish any reason for his interference in this proceeding. But it is not apparent how or in what manner the decision can have that effect. Each of the rival conventions appointed a county committee for the ensuing year, and it is altogether likely a contest will arise as to which one is the genuine committee, but that question was not involved in the investigation before Justice ADAMS, and cannot be determined here. For if it be held that Mr. McArthur can represent his committee upon this appeal, concededly the Patterson committee is not represented in this proceeding, and hence would not be bound by our decision.

We are of the opinion that Justice ADAM's order was not appealable, and we are also of the opinion that Mr. McArthur has no interest in the question involved and had no right to bring this appeal. When the order was obeyed by the county clerk it had accomplished its mission; its reversal now would affect neither the election nor the candidates of either convention. This appeal presents simply an abstract question. Appeals are not allowed to settle questions of that character. They are entertained to correct errors injuriously affecting the right of some party to the litigation. (*Bryant* v. *Thompson*, 128 N. Y., 433.) Courts will not decide mere abstract questions from the determination of which no practical result can follow. (*People ex rel. Geer* v. *Common Council of Troy*, 82 N. Y., 575.) It is not the province of courts to decide abstract questions of law disconnected from the granting of actual relief. (*Grow* v. *Garlock*, 29 Hun, 598.) An appeal from an order denying a *mandamus* to compel the board of estimate and apportionment to make a final estimate in a certain manner of the

amount required to pay certain expenses for a year, which expires before the record is brought before the General Term for review, will be dismissed. So held in *People* v. *Grace* (1 N. Y Supp., 661); *People* v. *Board of Canvassers* (2 id., 561); see, also, *People ex rel. Twenty-third Street Railroad Company* v. *Squire* (110 N. Y., 666); *Ross* v. *Wigg* (100 N. Y., 243).

Notwithstanding our impressions that the appeal must be dismissed, we have examined the merits of the case, and we find no reason to disturb the decision of Justice ADAMS upon the merits. The affidavits read upon the application for the order, and printed in the record, disclose a course of conduct at the primaries not very encouraging to the advocates of clean politics.

The appeal should be dismissed, without costs to either party of the appeal.

DWIGHT, P. J., and MACOMBER, J., concurred.

Appeal dismissed, without costs of this appeal to either party.