WHITE et al., Respondents, v. BARNARD, Appellant. (Supreme Court, General Term, First Department. June 15, 1894.) Action by William B. White and another against Mignon C. Barnard. R. S. Redfield, for respondents. No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs of motion to abide event.

WHITEMAN, Appellant, v. SARATOGA K. S. CO. (FIRST NAT. BANK, Respondent). Supreme Court, General Term, First Department. May, 1894.) Action by Louis P. Whiteman against the Saratoga Kissingen Spring Company. An attachment was vacated on the motion of the First National Bank of Saratoga Springs, a junior attaching creditor, and plaintiff appeals. J. B. A. Mullally, for appellant. Walter M. Rosebault, for respondent.

PER CURIAM. An affirmance of the order under review is required by the decision of this court in Bank v. Hall, 60 Hun, 466, 15 N. Y. Supp. 208. The order should therefore be affirmed, with $10 costs and printing disbursements.

WHITNEY et al., Appellants, v. DAVIS et al., Respondents. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by Edmund C. Whitney and August Beck, as sheriff, etc., against Joseph Davis and others. No opinion. Judgment appealed from affirmed on the merits, with costs. See 22 N. Y. Supp. 1122, mem.

WIEGMAN et al., Appellants, v. MORIMURA et al., Respondents. (City Court of New York, General Term. June 20, 1894.) Action by John H. Wiegman and another against Ichitaro Morimura and others. Ten Eyck & Remington, for appellants. Lehmaier & Williams, for respondents.

FITZSIMONS, J. The trial justice was right in dismissing the complaint. There is no evidence showing that the defendants in any way were responsible for the acts of the constable. It does not appear that the levy made by him was instigated or suggested by the defendants, or any other person acting for them; besides, it does not appear that the plaintiffs were copartners, a necessary thing to be shown in this case because of the allegation in the complaint that plaintiffs are copartners, and its denial by the defendants' answer. For these and the other reasons which induced the trial justice to dismiss the complaint, the judgment must be affirmed, with costs.

In re WILLIAMS. (Supreme Court, General Term, Second Department. May 14, 1894.) Appeal from surrogate court, Kings county. Application of Amy Williams to remove an executor, and for leave to file further objections to said executor's account. I. Newton Williams, for appellant. Scott & Upson, opposed.

PRATT, J. We find no reason to remove the executor. So far as the papers show, his duties have been conscientiously performed. According to the decision of the surrogate, it appears that the mother received, under the will, a life estate in several houses in New York city, on which the executor collected upward of $111,000 rents, and paid the net proceeds,—$72,000,—to the mother. When the executor's accounts are filed, the ruling is made that the executor, as such, had no right to collect the rents, nor to charge commissions therefor. But his good faith is not impeached, and, if the beneficiaries under the will are to be allowed to file objections at this late day, it should be upon conditions as strict as those imposed below. It may be added that it was a matter of discretion with the surrogate, which this court cannot well reverse. Order appealed from affirmed, with costs.

WILLIAMS, Respondent, v. DATER, Appellant. (Supreme Court, General Term, Third Department. July 14, 1894.) Action by John T. Williams against Calvin Dater. No opinion. Judgment affirmed, with costs.

WILMERDING, Appellant, v. FIELD et al., Respondents. (Supreme Court, General Term, First Department. March, 1894.) Action by John C. Wilmerding against Marshall Field and others. No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

WILSON, Appellant, v. HEATH, Respondent. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by Lizzie Wilson against Maria Heath, as executrix, etc. No opinion. Motion to strike case from the calendar and for affirmance granted, on default. See 22 N. Y. Supp. 833.

WOLF, Respondent, v. ANCIENT ORDER OF AMERICAN STAR, Appellant. (City Court cf New York, General Term. June 20, 1894.) Action by Lena Wolf against the Ancient Order of American Star. Wm. N. Loew, for appellant. A. P. Wagener, for respondent.

FITZSIMONS, J. The contest in this case was solely one of fact for the jury to determine. They evidently believed plaintiff's version, and disbelieved defendant's, as they had a right. The evidence is quite sufficient to sustain the verdict. Finding no error, the judgment must be affirmed, with costs.

WOODS et al., Respondents, v. DICKINSON, Appellant. (Supreme Court, General Term, First Department. May 18, 1894.) Action by Michael L. Woods and another against Perez Dickinson. H. Odell, for appellant. R. G. Bartlett, for respondents. No opinion. Judgment affirmed, with cos s, on opinion of referee; FOLLETT and PARKER, JJ., concurring; VAN BRUNT, P. J., dissenting, on the ground that section 190 of the Revised Statutes of the United States applies, and prevents recovery.

WRIGHT v. BOWNE. (Supreme Court, General Term, Second Department. June 18, 1894.)

DYKMAN, J. This is an appeal from an order modifying a previous order, and vacating another, both of which had been made by the same judge. The last order seems to be just, and the objection to it is technical only. While it is true that the motion was noticed for argument at Schenectady, yet the order purports to have been made at Brooklyn. While the notice was irregular, it cannot be said that the court had no jurisdiction. Besides, the notice can scarcely be said to be a notice of motion before a court. It was a notice that an argument would be made in writing before a justice of the court to vacate one order previously made by him, and modify another. The order should be affirmed, without costs.

WRIGHT, Appellant, v. CONSOLIDATED SAV. & LOAN ASS'N, Respondent. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by Jennie T. A. Wright against the Consolidated Savings & Loan Association. No opinion. Judgment appealed from affirmed.

WRIGHT, Respondent, v. DENISTON et al., Appellants. (Common Pleas of New York Ci y and County, General Term. June 4, 1894.) Appeal from special term. Action by Andrew S. Wright against Benjamin F. Deniston and John C. Shaw and others. From an order directing compliance with certain terms of a judgment at equity term as an alternative to the defendants being adjudged for contempt,

defendants Deniston and Shaw appeal. Gratz Nathan and John C. Shaw, for appellants. Charles B. Meyer, for respondent.

GIEGERICH, J. Appellant Deniston ·claimed that the order appealed from affected a substantial right, in that it required a transfer to plaintiff of the certificate deposited with the clerk, this transfer being an essential part of the relief granted to plaintiff, as against appellants, by the judgment appealed from. The rights of Shaw and Cuthbert, the parties affected personally by the order, are not before us for determination; the appeal as to the former having been dismissed upon the argument, and the latter having failed to appeal. The defendant Deniston was not a party to the proceeding in which this order was made, and that of Ross v. Wigg, 100 N. Y. 246, 3 N. E. 180, may be found, in view of the nature of this appellant's interest. Be that as it may, our affirmance of the judgment in this action concludes discussion as to the substantial right claimed to have been affected, and examination into the merits of the order would in no event be of beneficial effect to appellant. Appeal dismissed, without costs.