(169 App. Div. 415)

### BARWIN REALTY CO. v. H. BATTERMAN CO. et al.

(Supreme Court, Appellate Division, Second Department.   October 8, 1915.)

EJECTMENT ⬨⟿46—STRIKING OUT PARTIES—DEVOLUTION OF LIABILITY.

   Code Civ. Proc. § 1502, provides relative to actions of ejectment that, where the complaint demands judgment for the immediate possession of the property, if the property is actually occupied, the occupant must be made a defendant. Section 756 provides that, in case of a transfer of interest or devolution of liability, the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred, or upon whom the liability is devolved, to be substituted or joined with the original party. In an action against a corporation and its receivers to recover real property, the complaint alleged that the receivers were occupants, and demanded damages against them for wrongfully withholding the property. On a showing that, pending the action, the receivers had been discharged by the court appointing them, and had turned over to the corporation all of its property, the court ordered the amendment of the summons and complaint by eliminating such receivers as defendants. *Held*, that this was error, as section 756 did not apply, the receivers, being occupants, were necessary defendants, it was not clear that there was a devolution of liability, or that it was complete, and questions of law and probably of fact were presented, which plaintiff was entitled to have disposed of upon the trial of an action to which the receivers were parties.

   [Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 138, 139; Dec. Dig. ⬨⟿46.]

Appeal from Special Term, Kings County.

Action by the Barwin Realty Company against the H. Batterman Company and others.   From an order directing the amendment of the

summons and complaint, to eliminate certain of the defendants, plaintiff appeals. Reversed, and motion denied.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

William D. Guthrie, of New York City (Henry A. Ingraham, of Brooklyn, on the brief), for appellant.

Ernest J. Ellenwood, of New York City, for respondents.

STAPLETON, J. In an action to recover real property, an order was made directing that the action be continued against one of the defendants, and that the summons and complaint be amended by eliminating from the suit other defendants named therein. This motion for the relief was made by the defendants, and opposed by the plaintiff. In an action in equity, begun in the United States District Court for the Eastern District of New York, the defendants eliminated were appointed receivers of the defendant corporation retained in the action at bar. It appears by supplemental answers that during the pendency of the action at bar the receivers were discharged, and all the property of the corporate defendant was, by direction of the United States court, turned over by the receivers to the corporate defendant.

If these allegations constitute a defense by way of avoidance, they are deemed controverted. Section 522, Code of Civil Procedure. It appears by the answering affidavits that the discharge of the receivers was provisional, not absolute. We are aware of no principle of law or rule of procedure which would authorize any court, against the will of the plaintiff, to strike from the record the name of, and exclude from an action the person of, a necessary defendant. Ross v. Wigg, 100 N. Y. 243, 246, 3 N. E. 180.

The defendants rely upon section 756 of the Code of Civil Procedure. It reads:

"Sec. 756. *Proceedings upon Transfer of Interest, or Devolution of Liability.* In case of a transfer of interest, or devolution of liability, the action may be continued, by or against the original party, unless the court directs the person, to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action, or joined with the original party, as the case requires."

The order under review did not substitute or join a proper defendant; it removed a necessary party. The complaint demanded judgment for immediate possession of property actually occupied, and alleged that the excluded defendants were occupants. They were necessary defendants. Section 1502, Code of Civil Procedure.

Plaintiff also, on proper allegations, demanded damages against those defendants for wrongfully withholding the property. It is not clear that there is a "devolution of liability" of the excluded defendants upon the corporate defendant, or, if there be a devolution, that it is complete.

Questions of law certainly, and questions of fact probably, are presented which the plaintiff is entitled to have disposed of upon the trial of an action to which the receivers are parties. See Prouty v. Lake S.

& Mich. S. R. Co., 52 N. Y. 363, 368; Banks v. Maher, 15 N. Y. Super. Ct. 690, 692. Section 756 of the Code of Civil Procedure does not apply.

The order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.