William C. Heoht, Jr., J.
Petitioner seeks an order annulling a specified meeting of respondent’s board of directors and the decisions made at said meeting, and requiring that a meeting of respondent’s board of directors be held in England. Respondent has cross-moved to dismiss the petition as a matter of law.
It is not disputed that petitioner is not a member of respondent or an officer or director thereof. Petitioner is a separate organization which was set up for the purpose of creating and maintaining religious schools in Great Britain and Northern Ireland.
Respondent receives funds, as a result of an agreement made between the State of Israel and respondent’s assignor organization with the Federal Republic of Germany, to be used for relief and rehabilitation of Jewish victims of Nazi persecution.
In 1955 and 1956 respondent allotted certain sums from the fund to petitioner. However at the meeting which respondent held in January, 1957 its board of directors decided not to take any action on petitioner’s new application for continuance of support.
Petitioner bases its right to the relief requested on the ground that it is a direct beneficiary to whom funds should be allocated by respondent, which as the successor organization with whom the Federal Republic of Germany made the agreement for the disbursal of funds, assumed obligations for the benefit of beneficiaries, a majority of whom are located outside the State of New York.
*359 Respondent asserts, and correctly so in my opinion, that petitioner has no standing to question the regularity or propriety of the change in place of the meeting of respondent's board of directors or of any action taken or decisions made at such meeting.
There is no merit to petitioner’s contention that its right to maintain this action is derived from its status as a beneficiary. Petitioner does not allege that it is a party to or named in the “ Protocol” which provides for the use of funds for rehabilitation of “ Jewish Victims of National-Socialist persecution according to the urgency of their needs ’ ’ as determined by respondent’s assignor. Petitioner is not a cestui que trust, nor does the “ Protocol ” create a trust.
I agree with respondent, that even if it be assumed that respondent holds the funds which it receives, in trust, it is still obligated to allocate the funds among recipients “ according to the urgency of their needs as determined by respondent ”.
It is not too difficult to envision the harassing litigations to which respondent could be subjected if it were to be held that a person who or an organization which might become a recipient of the benefits of the funds here were to be entitled to maintain an action such as petitioner has initiated.
Petitioner’s application is therefore denied and the cross motion to dismiss the petition is granted.