Samuel H. Hoestadteb, J.
On September 10, 1952, an agreement was concluded between the State of Israel (Israel) and the Federal Eepublic of Germany (Germany). By this agreement Germany undertook, among other obligations, to pay Israel for the benefit of the Conference on Jewish Material Claims against Germany, the predecessor of the defendant in this action, the sum of 450 million Deutsche mark. The present defendant, the Conference on Jewish Material Claims against Germany, Inc., a New York membership corporation, admittedly assumed the duties imposed on the predecessor Conference under a protocol signed by Germany and the predecessor Conference on September 10, 1952, the same day as the conclusion of the agreement between Israel and Germany. The Israel-Germany agreement bound Germany to pay the 450 million Deutsche mark for the benefit of the Conference, to be “used for the purposes set out in Article 2 of the said Protocol.” Article 2 of the protocol provided that the amounts paid by Germany and transmitted by Israel to the Conference ‘ ‘ will lie used for the relief, rehabilitation and resettlement of Jewish victims of National-Socialist persecution, according to the urgency of their needs as determined by the Conference ” — “in principle ” for the benefit of victims then living outside of Israel. Disputes, arising out of the interpretation and application of article 2 were to be decided in accordance with the provisions of article 15 of the Israel-Germany agreement by the Arbitral Commission established in article 14 of that agreement.
The plaintiff, now a resident of this city, and claiming to be one of the victims covered by the foregoing agreements, has brought this suit in which he charges the defendant with breaches of its fiduciary duties. He alleges that it has shown improper favoritism among the beneficiaries entitled to relief *356 and. asks that the court determine what is fair and proper provision for his own rehabilitation and that the sum so ascertained be adjudged a lien on the funds recovered by the defendant from Germany. He asks further for judgment for $20,000 or for such amount as the court determines should have been paid to him for his resettlement. The complaint prays for additional relief. The foregoing statement of its contents is, however, sufficient for present purposes.
The defendant has moved to dismiss the complaint for failure to state a cause of action. On an affidavit showing that its membership is composed of leading Jewish communal and similar organizations throughout the world and that the plaintiff is not and never has been a member of the defendant, or a representative or delegate of any of its constituent members, the defendant moves additionally for a dismissal on the ground that the plaintiff has no legal capacity to sue. It should be said at the outset that the complaint does not set out in terms any of the provisions of either the Israel-Germany agreement or the protocol. Since, however, these documents are annexed as exhibits to the defendant’s affidavit and both parties have argued the questions presented as though they were part of the complaint, they will be deemed to be incorporated in the complaint by reference.
The plaintiff’s plight of necessity stirs sympathy; the court is, however, constrained to uphold the defendant’s position because it can find no tenable ground for the assertion by the plaintiff of any right under either the Israel-Germany agreement or the protocol. The plaintiff’s contention that he is a third-party beneficiary under these instruments is refuted by the instruments themselves. The protocol declares that the money is to be used for the relief of the victims of Nazi persecution according to the urgency of their needs “ as determined by the Conference ” (emphasis supplied). Disputes between Germany and the Conference are to be arbitrated pursuant to the arbitration clauses of the Israel-Germany agreement. By necessary implication the machinery thus established bars the right of any individual to question in court the manner in which the defendant is discharging its duties or to complain that he has not yet been or perhaps may never be chosen for rehabilitation. Neither this plaintiff nor any other victim is designated ás a beneficiary within the doctrine that the agreement under which he claims as such must clearly express an intention to assume a duty directly to him. The protocol imports a contrary intention (Fieger v. Glen Oaks Vil., 309 N. Y. 527, 535-536; Ultramares Corp. v. Touche, 255 N. Y. 170,180-181; H. R. Moch Co. v. Rensselaer Water Co., 247 N. Y. 160, 164-166).
*357 My colleague, Mr. Justice Hecht, has just reached the same conclusion in dismissing a proceeding under article 78 of the Civil Practice Act against the present defendant. In that proceeding the petitioner, an organization maintaining religious schools, which had in the past received financial support from the defendant, complained of the discontinuance of an allotment of funds to it. The court held that the petitioner had no standing as beneficiary or cestui to question the propriety of the action taken (Matter of Jewish Secondary Schools Movement v. Conference of Jewish Material Claims Against Germany, 11 Misc 2d 358).
The plaintiff argues further that the September 10, 1957, instruments known as the Luxembourg Agreements, constituted the defendant his agent or that, at least, there is an issue of fact whether an agency was created by them. The origin of an agency is, however, consensual (Sternaman v. Metropolitan Life Ins. Co., 170 N. Y. 13, 21) and there is no suggestion in the papers before the court that the defendant ever by agreement or otherwise was made the agent of individual victims who might or might not lie singled out for relief. Since the plaintiff does not fortify this contention by proof of any kind, the court finds no factual issue for resolution. The court can find no basis for the implication of an agency.
Nor is the plaintiff’s situation bettered by treating him as one of the indefinite beneficiaries of a charitable trust. It is well settled that the right to enforce such a trust resides in the Attorney-General of the State, not in the unnamed" beneficiaries (Trustees of Sailors’ Snug Harbor v. Carmody, 211 N. Y. 286, 300, affg. 158 App. Div. 738; Matter of James, 123 N. Y. S. 2d 520, 525; Balluffi v. Montross, 199 Misc. 220; Matter of Herman [Ten Broeck Free Academy], 177 Misc. 276, 281; Dillaway v. Burton, 256 Mass. 568).
Since the plaintiff is without a justiciable right capable of enforcement, he has no status in the action. He, therefore, has not legal capacity to sue and his complaint must also be dismissed on this ground (Bull v. Stichman, 273 App. Div. 311; Gleicher v. Times-Columbia Distrs., 283 App. Div. 709).
It is self-evident that were every individual who considers himself discriminated against by the manner in which the defendant is discharging its trust allowed to call it to account in court, its operations would be seriously fettered and chaos might well ensue. If the plaintiff has a genuine grievance, he must find redress through other channels.
The complaint is dismissed.