In the Matter of RICHMOND COUNTY SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN, Respondent. STATEN ISLAND MENTAL HEALTH SOCIETY, INC., Appellant; CHILDREN'S AID SOCIETY et al., Respondents.

Second Department, July 20, 1960.

*Marland Gale* for appellant.

*John A. Lynch* for the Children's Aid Society, respondent.

*Vincent R. FitzPatrick* and *S. Roy French, Jr.,* for Mission of the Immaculate Virgin for the Protection of Homeless and Destitute Children, respondent.

*Per Curiam.* This appeal involves the application of the cy pres doctrine to the distribution of the funds of Richmond County Society for the Prevention of Cruelty to Children, a dissolved charitable corporation. The proceeding was instituted in December, 1954 by the petition of 8 of the 9 directors of that society, pursuant to section 56 of the Membership Corporations Law, for an order authorizing the transfer of all its funds, assets and securities to the Staten Island Mental Health Society, Inc., " or such other corporation or corporations as to the Court may seem just and proper ". The petition alleged that the Society for the Prevention of Cruelty to Children was incorporated in 1880 pursuant to the Membership Corporations Law, for the purposes of " The prevention of cruelty to children, and the enforcement of the laws relating to, or any wise affecting children ", that it ceased to operate in 1949, and that it was dissolved in 1952. It was also alleged that Staten Island Mental Health Society was incorporated in November, 1954, pursuant to the Membership Corporations Law, " To establish and operate a mental health clinic including mental health services for neglected and delinquent children " and that, in the judgment

of the petitioning directors, the objects and purposes of Mental Health and the Society for the Prevention of Cruelty to Children were kindred.

An order to show cause was issued on the petition, directing the giving of notice, personally and by publication, to various persons who might be interested in the proceedings, including the Attorney-General, the members of the Society for the Prevention of Cruelty to Children and the contributors to its funds. Thereafter, Mental Health served what was designated as an answer in support of the application, which described its purpose and activities at length and which was designed to show how closely its work was related to that formerly carried on by the Society for the Prevention of Cruelty to Children. The Attorney-General also served an answer " as the sole, inherent and statutory representative of the indefinite and uncertain beneficiaries of gifts, grants, devises or bequests to religious, educational or benevolent uses or purposes pursuant to Section 12 of the Personal Property Law and Section 113 of the Real Property Law " and requested that the court " exercise all its inherent and statutory powers including the *cy pres* power ", in determining the proper disposition of the funds.

A number of charitable or eleemosynary organizations were permitted to intervene in the proceeding. Among those so intervening were the Children's Aid Society and the Mission of the Immaculate Virgin for the Protection of Homeless and Destitute Children. After a hearing, the Special Term held that the general purposes and activities of the Children's Aid Society and the Mission were " most nearly akin to those of the dissolved corporation, and that the intent and purpose of the donor and contributors to that corporation will best be accomplished by distribution of its assets equally to them " and directed that the assets of the Society for the Prevention of Cruelty to Children be distributed equally between the Children's Aid Society and the Mission, to be used and administered by them " solely in furtherance of their work and activities within the County of Richmond."

Appellant moved for a new trial or in the alternative for a further trial, reargument and other relief. That motion was denied and this appeal from the orders entered on the original determination and on the motion followed. There was no appeal by the other unsuccessful organizations, and the only respondents filing briefs are the Children's Aid Society and the Mission.

The Children's Aid Society and the Mission heretofore moved to dismiss the appeal on the ground that appellant was not a party aggrieved, but this court, by order dated February 24,

1958, denied the motion with leave to renew on the argument of the appeal. Pursuant to such permission, those respondents again urge that the appeal should be dismissed.

Their arguments are persuasive and, in our opinion, must be sustained.

It was the duty of the Special Term to provide that the funds of the Society for the Prevention of Cruelty to Children be transferred to such other corporation or association as the Special Term should specify to be administered or used in such manner as in its judgment would best accomplish the general purposes for which such Society was organized (Membership Corporations Law, § 56). That duty, which required the application of the cy pres doctrine, involved a large measure of discretion (*Sherman* v. *Richmond Hose Co.*, 230 N. Y. 462, 473; *City Bank Farmers Trust Co.* v. *Arnold*, 283 N. Y. 184, 195). In determining that the funds should not be transferred to appellant for such purposes, the Special Term violated none of appellant's substantial rights, since appellant had no legal right to any of the funds and had no interest in, or responsibility with respect to, their disposition. An appeal may be taken to this court in a special proceeding only by a party or person aggrieved (Civ. Prac. Act, § 557) by an order which affects a substantial right (Civ. Prac. Act, § 631) and the test in such event is whether the person seeking to appeal has a direct interest in the controversy which is affected by the result and whether the adjudication has a binding force against the rights, person or property of the party or person seeking to appeal (*Matter of Fleming*, 223 App. Div. 849; *Grabb* v. *Nicholas*, 2 A D 2d 446, 447; *Isham* v. *New York Assn. for Poor*, 177 N. Y. 218, 222; *Ross* v. *Wigg*, 100 N. Y. 243, 246). If, as appellant asserts, the disposition made will result in an improper administration of the funds for purposes not contemplated by the charter of the Society for the Prevention of Cruelty to Children or by the donors of its funds, because of the sectarian aspects of the charitable activities of the Mission, the parties aggrieved, other than the donors, are the unnamed and indefinite beneficiaries of the charitable work formerly carried on by the Society for the Prevention of Cruelty to Children, whose interests are in the care of the State as *parens patriæ*, and who are represented exclusively by the Attorney-General (cf. *Trustees of Sailors' Snug Harbor* v. *Carmody*, 158 App. Div. 738, 756; *Balluffi* v. *Montross*, 199 Misc. 220; *Revici* v. *Jewish Material Claims against Germany*, 11 Misc 2d 354; *Matter of James*, 22 Misc 2d 1062). The Attorney-General appeared on their behalf and participated actively in this proceeding but has taken no appeal from the determination sought

to be reviewed. Appellant has no standing to appeal on their behalf (cf. *Matter of Hodgman,* 140 N. Y. 421, 430; *Matter of Durbrow,* 245 N. Y. 469, 477; *Bolster* v. *Attorney General,* 306 Mass. 387; *First Christian Church* v. *Brownell,* 332 Mass. 143; *Waterbury Trust Co.* v. *Porter,* 130 Conn. 494) nor, since it had no legal right or interest in the funds transferred, to argue that the award to the Mission violated the First Amendment to the United States Constitution (cf. *Schieffelin* v. *Komfort,* 212 N. Y. 520, 533; *Bull* v. *Stichman,* 273 App. Div. 311, 313, affd. 298 N. Y. 516). No donor of the funds to be transferred has objected to the disposition made at Special Term, nor has the Attorney-General done so on behalf of the donors. Concededly, appellant has no authority to act for them (cf. *Sherman* v. *Richmond Hose Co.,* 230 N. Y. 462, 467, *supra*). It is true that cases have been and may be cited in which similar appeals have been entertained. It does not appear, however, that the point was raised in any of them, and in some, the Attorney-General appealed, so that the granting of a motion to dismiss would not have disposed of the case. The questions presented are of interest and importance, and for that reason should not be passed upon until presented by some party having an actual interest in them (cf. *Bryant* v. *Thompson,* 128 N. Y. 426). Appellant has no inherent right to appeal because it was a party to the proceeding at the Special Term (cf. *State of New York* v. *County of Kings,* 125 N. Y. 312; *Waterbury Trust Co.* v. *Porter, supra*). The right of appeal is entirely statutory, and in the absence of a statute authorizing appellant's application to this court for relief, we have no authority to entertain it.

The appeal should be dismissed, without costs.

NOLAN, P. J., KLEINFELD, CHRIST, PETTE and BRENNAN, JJ., concur.

Appeal dismissed, without costs.