In the Matter of DENNIS S. DELONG, as Administrator of the Estate of AMALIA DELONG.

Fourth Department, November 9, 1982

APPEARANCES OF COUNSEL

*Palmer, Heffernan, Wickser & Beyer* (*John J. Heffernan* of counsel), for County of Erie, appellant.

*Garvey, Magner & Love, P. C.* (*Philip H. Magner, Jr.,* of counsel), for Dennis S. DeLong, respondent.

OPINION OF THE COURT

HANCOCK, JR., J.

Does a defendant, which has agreed to pay a certain sum to settle the damages claim of an estate subject to the approval of Surrogate's Court, have a right to appeal from the court's refusal to approve the settlement? This question arises in the county's appeal from an order of the acting Surrogate disapproving the petition of Dennis S. DeLong, as administrator of his wife's estate, to settle the liability of the County of Erie for his wife's conscious pain and suffering and for her wrongful death pursuant to EPTL 5-4.6. (The circumstances surrounding the death of Amalia DeLong which gave rise to petitioner's legal action for such damages against the County of Erie and City of Buffalo [tried before a jury in Supreme Court, Erie County] are

detailed in *DeLong v County of Erie,* 89 AD2d 376, decided herewith.)

Although Dennis DeLong presented the petition, he has not appealed. On the contrary, he now asks, in the alternative, that the county's appeal be dismissed or that the order be affirmed. Nor has Michael G. Wolfgang, Esq., the guardian ad litem appointed for decedent's infant children, appealed.

The written settlement agreement drafted by Philip H. Magner, Jr., Esq., petitioner's trial attorney, was signed on behalf of the county and by petitioner (against Mr. Magner's advice) after all counsel had completed their summations and just prior to the commencement of jury deliberations. In it, the parties agreed that: "the liability of the County of Erie to the late Amalia DeLong is to be settled in the total amount of $175,000.00 subject to the approval of the Court" and that "the agreement to settle is not to be disclosed until the jury verdict has been returned in its entirety, but will be disclosed thereafter". All of petitioner's rights to proceed against the City of Buffalo were specifically preserved.

The jury, without any knowledge of the agreement, proceeded to decide the case against both the city and the county and reported verdicts of $200,000 for conscious pain and suffering and $600,000 for wrongful death, a total of $800,000, which it apportioned equally between the defendants.

At a hearing several weeks after the trial, Mr. Magner (appearing for the petitioner), the guardian ad litem, and the attorney for the County of Erie all urged approval of the settlement.[1] The acting Surrogate, in a written memorandum, disapproved it as inadequate in the light of the jury verdicts.

The test of whether a party is "aggrieved" and, therefore, permitted to appeal under CPLR 5511 is found not in the statute but in case law. To appeal to this court, it must

---

1. The county, as the offering party, was not given notice of the application to approve the settlement and none was required under EPTL 5-4.6. Nevertheless, it brought a separate petition seeking approval of the settlement and appeared on the return date before the acting Surrogate.

appear that the party "has a direct interest in the controversy which is affected by the result" and that "the adjudication has a binding force against the rights, person or property of the party" (*Matter of Richmond County Soc. for Prevention of Cruelty to Children,* 11 AD2d 236, 239). The fact that the adjudication "may remotely or contingently affect interests which [the party] represents does not give [it] a right to appeal" (*Ross v Wigg,* 100 NY 243, 246; see 7 Weinstein-Korn-Miller, NY Civ Prac, par 5511.03).

That it may be disappointed or even have been deprived of a financial benefit by the adjudication does not, without more, make a party "aggrieved". It must be shown that the party had some legal right or interest in the subject of the determination which was adversely affected thereby. *Matter of Richmond County Soc. for Prevention of Cruelty to Children (supra)* illustrates the point. There the court held that the Staten Island Mental Health Society had no right to appeal from a determination at Special Term that the funds of a defunct charity should go, by operation of the cy pres doctrine, not to appellant but to another charitable corporation, stating: "In determining that the funds should not be transferred to appellant for such purposes, the Special Term violated none of appellant's substantial rights, since appellant had no legal right to any of the funds and had no interest in, or responsibility with respect to, their disposition" (*Matter of Richmond County Soc. for Prevention of Cruelty to Children, supra,* p 239). In *Isham v New York Assn. for Improving Condition of Poor* (177 NY 218) the court held that the executor of an estate had no right to appeal a determination of the Surrogate that a transfer tax was to be paid out of the residuary estate when the sole residuary legatee had decided not to appeal (see, also, *Ross v Wigg, supra*).

In the matter before us, it was the duty of the acting Surrogate in deciding whether to approve the settlement to exercise his judgment in the best interests of the parties interested, the distributees of Amalia DeLong (see EPTL 5-4.4, 5-4.6; *Matter of McDonough,* 133 NYS2d 296). In his determination of what was in their best interests, the county could have had no legal interest. Indeed, as a defendant in the lawsuit and a party which had negotiated

a settlement which it must have considered to be for its own benefit, its interest was necessarily adverse to that of the distributees.[2] The county admits as much in its brief when it argues that, in the light of the jury verdicts, a denial of the petition "could possibly enhance [the administrator's] financial recovery" and that it had standing in Surrogate's Court "to insure the adequate representation of its position" and "to show that the agreement is reasonable, and adequate in amount." While the county, like the Mental Health Society in *Matter of Richmond County* (*supra*), might well have received a financial benefit had the court taken a different view of what was best for the distributees, its disappointment in the loss of that benefit, in the absence of any cognizable legal interest in the matter, is not enough. We hold, therefore, that the county was not a permissible appellant under CPLR 5511.

The motion to dismiss the appeal should be granted.

DILLON, P. J., DENMAN, MOULE and SCHNEPP, JJ., concur.

Appeal unanimously dismissed, with costs.

---

2. The Legislature has recognized the obvious conflict in the interests of a defendant and an injured party in proceedings before the court to approve settlements of actions brought on behalf of infants, incompetents, or conservatees pursuant to CPLR 1207. (See CPLR 1208, subd [e], prohibiting any attorney having or representing any conflicting interest from representing the injured party and CPLR 1208, subd [f], permitting preparation of the papers by an attorney for an adverse party when the infant or incompetent has no attorney but requiring disclosure of the adverse interest.)