■ In the Matter of FULTON COUNTY SERVICEMEN'S ASSOCIATION. BRUCE HESS, as Custodian of Certain Unexpended Funds of the Fulton County Servicemen's Association, Respondent; FULTON COUNTY VETERANS' COUNCIL, Appellant.—Kane, J. P. (1) Appeal from an order of the Supreme Court at Special Term (Brown , J.), entered March 22, 1985 in Fulton County, which, in a proceeding pursuant to EPTL 8-1.1 (j), ordered that unexpended funds in possession of the Fulton County Servicemen's Association be transferred to Fulton-Montgomery Community College Foundation, as trustee, and (2) motion for, *inter alia,* an extension of time to serve a notice of appeal on the Attorney-General.

The Fulton County Servicemen's Association (Association) was organized in 1942 for the purpose of providing a toilet kit to each of the residents of Fulton County who were leaving the county to serve in the military during World War II. The assets of the Association were raised by public subscription from more than 1,000 contributors.

By petition dated February 8, 1985, petitioner, as custodian of the unexpended funds of the Association, alleged that

compliance with the original purpose of the Association was no longer practicable. Accordingly, pursuant to EPTL 8-1.1 (j), petitioner requested that Special Term transfer the funds to a local entity, in trust, for some newly stated purpose that would benefit servicemen of Fulton County.

As required by statute (EPTL 8-1.1 [k]), notice of the proceeding was given to the Attorney-General and to the general public. The Attorney-General filed a letter with Special Term which expressed his opinion that the best alternative would be to give the unexpended funds to the Fulton-Montgomery Community College Foundation in trust for needy servicemen. The Attorney-General, however, noted that many other possible uses of the money would also be appropriate.

Also appearing at Special Term, apparently in response to the notice to the general public, was the Fulton County Veterans' Council (Council), an unincorporated association comprised of all the veterans' posts within Fulton County. The Council submitted an affidavit asserting that it was the best candidate to receive the unexpended funds. In due course, Special Term ordered that the unexpended funds in question be transferred to the Fulton-Montgomery Community College Foundation, as trustee. The court ordered that the trust funds should be used to establish the: " 'FULTON COUNTY SERVICE-MEN'S ASSOCIATION SCHOLARSHIP' [which] shall be given annually to veterans from Fulton County only who are in need of financial aid to enable such veterans to further his or her education". This appeal by the Council ensued.

The appeal should be dismissed, as it is established that a potential beneficiary of a charitable trust lacks standing to appeal an order in a proceeding such as this *(see, Matter of Richmond County Socy. for Prevention of Cruelty to Children,* 11 AD2d 236, 239, *affd* 9 NY2d 913, *cert denied* 368 US 290).

Even assuming, arguendo, that the Council could appeal, we have reviewed the record and conclude that Special Term did not abuse its discretion by ordering that the unexpended funds be transferred to the Fulton-Montgomery Community College Foundation *(see, supra,* p 239; *see also, Sherman v Richmond Hose Co. No. 2,* 230 NY 462, 473). Accordingly, if we were able to review the appeal on the merits, we would affirm.

Having concluded that the Council lacks standing to appeal, we dismiss as academic its motion for an enlargement of time to serve a notice of appeal on the Attorney-General. For the same reason, we deny the Council's request for a determina-

tion that Fulton-Montgomery Community College Foundation is not an adverse party required to be served with a notice of appeal.

Appeal dismissed, without costs.

Motion dismissed, as academic, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.