■ JANNEY MONTGOMERY SCOTT, LLC, Plaintiff, v JOHN W. LYNN, Appellant, and STERLING NATIONAL BANK, Respondent. [58 NYS3d 480]—Appeal from an order of the Supreme Court, Rockland County (William A. Kelly, J.), dated February 10, 2015. The order, insofar as appealed from, granted that branch of the motion of the defendant Sterling National Bank which was for summary judgment declaring that it was the rightful owner of funds in a collateral account.

Ordered that the order is affirmed insofar as appealed from, with costs.

In December 2000, Provident Bank, a predecessor of the defendant Sterling National Bank (hereinafter Sterling), provided Lynn Homes, Inc. (hereinafter the corporation), with a commercial loan that was personally guaranteed by the corporation's owner, the defendant John W. Lynn. Lynn subsequently agreed to provide Sterling with a security interest in approximately $115,000 of funds in the corporation's pension plan, of which Lynn served as trustee, as collateral for the commercial loan. These pension funds were held in a collateral account that was maintained by the plaintiff.

Following a default on the commercial loan, Sterling and Lynn provided the plaintiff with inconsistent instructions as to how the pension funds held in the collateral account should be distributed. The plaintiff subsequently commenced this interpleader action against Sterling and Lynn to determine the ownership of the pension funds. Thereafter, Sterling moved for summary judgment, seeking, inter alia, a declaration that it, and not Lynn, was the rightful owner of the funds in question. The Supreme Court granted that branch of Sterling's motion and directed the plaintiff to release the challenged funds to Sterling. Lynn appeals.

We reject Sterling's contention that the appeal must be dismissed for lack of aggrievement. The Supreme Court determined that Sterling, and not Lynn, is entitled to the challenged funds in the collateral account maintained by the plaintiff. Thus, Lynn, as the non-prevailing claimant in the interpleader action, who opposed the motion, is an aggrieved party and may appeal from the order granting Sterling's motion for summary judgment (see CPLR 5511; *Matter of Richmond County Socy. for Prevention of Cruelty to Children*, 11 AD2d 236, 239 [1960], *affd* 9 NY2d 913 [1961]; *cf. Mixon v TBV, Inc.*, 76 AD3d 144, 156 [2010]).

However, contrary to Lynn's contention, the Supreme Court properly determined that Sterling was the rightful owner of the challenged funds. Sterling established its prima facie entitlement to judgment as a matter of law (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]) by submitting evidence demonstrating that Lynn pledged the pension funds in the collateral account as security for the commercial loan that went unpaid. In opposition, Lynn failed to raise a triable issue of fact. Contrary to Lynn's contention, the challenged pension funds are not protected by the anti-alienation provision of the Employee Retirement Income Security Act (see 29 USC § 1056 [d] [1]), since Lynn pledged pension assets, and not pension benefits, in his capacity as trustee of the pension plan (see *Milgram v Orthopedic Assoc. Defined Contribution Pension Plan*, 666 F3d 68, 72, 74 [2d Cir 2011]; *O'Toole v Arlington Trust Co.*, 681 F2d 94, 96 [1st Cir 1982]; *In re Larmar Estates, Inc.*, 5 BR 328, 330 [Bankr ED NY 1980]). Accordingly, the court properly granted Sterling's motion for summary judgment. Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.