Matter of Tariq S. v Ashlee B. (2019 NY Slip Op 08311)





Matter of Tariq S. v Ashlee B.


2019 NY Slip Op 08311


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1040 CAF 18-00062

[*1]IN THE MATTER OF TARIQ S., PETITIONER-RESPONDENT,
v
ASHLEE B., RESPONDENT-APPELLANT. 
IN THE MATTER OF NABIL A.A., PETITIONER-RESPONDENT,
v
ASHLEE B., RESPONDENT-APPELLANT. 






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
DEBORAH J. SCINTA, ORCHARD PARK, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Brenda Freedman, J.), entered December 1, 2017 in paternity proceedings. The order dismissed the petitions. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Petitioner Tariq S. filed a petition seeking to vacate his acknowledgment of paternity with respect to the subject child pursuant to Family Court Act § 516-a (b). Petitioner Nabil A.A. thereafter filed a petition seeking to establish his paternity of the child, and the Attorney for the Child (AFC) moved to dismiss the petitions based on principles of equitable estoppel (see § 418 [a]). Family Court determined, after a hearing, that it was not in the best interests of the child to order genetic marker testing to determine the child's paternity and dismissed the petitions. Respondent mother appeals.
We conclude that the mother's appeal must be dismissed inasmuch as she is not an aggrieved party (see CPLR 5511). A party is aggrieved "when he or she asks for relief but that relief is denied in whole or in part . . . [or] when someone asks for relief against him or her, which the person opposes, and the relief is granted in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2d Dept 2010] [emphasis and footnotes omitted]; see Benedetti v Erie County Med. Ctr. Corp., 126 AD3d 1322, 1323 [4th Dept 2015]). Here, the mother did not seek any relief herself, and the AFC's motion to dismiss the petitions did not seek any relief against her (see Mahmood v Gutman, 81 AD3d 792, 792 [2d Dept 2011]). The mother did not join in the petitions that were dismissed by the court, nor did she file a petition of her own seeking to vacate the acknowledgment of paternity signed by Tariq S. or to establish the paternity of Nabil A.A. (cf. Matter of Jennifer L. v Gerald S., 145 AD3d 1581, 1582 [4th Dept 2016], lv dismissed 29 NY3d 942 [2017]). Moreover, neither petitioner appealed from the order, which left the mother's rights unchanged (see generally Matter of DeLong, 89 AD2d 368, 369-370 [4th Dept 1982], lv denied 58 NY2d 606 [1983]). The fact that the mother may be disappointed by the order does not equate to aggrievement under CPLR 5511 (see DeLong, 89 AD2d at 370).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court