O'Connor v S&S Constr. of W. N.Y., Inc. (2025 NY Slip Op 00761)

O'Connor v S&S Constr. of W. N.Y., Inc.

2025 NY Slip Op 00761

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, NOWAK, AND HANNAH, JJ.

825 CA 23-01295

[*1]SHANNON O'CONNOR AND MARLENE O'CONNOR, PLAINTIFFS,
v
S & S CONSTRUCTION OF WESTERN NEW YORK, INC., DEFENDANT. - S & S CONSTRUCTION OF WESTERN NEW YORK, INC., THIRD-PARTY PLAINTIFF-RESPONDENT, 
 H.K. FREY & SONS, INC., THIRD-PARTY DEFENDANT-APPELLANT, AND ET AL., THIRD-PARTY DEFENDANT. 

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.
BURDEN, HAFNER & HANSEN, LLC, BUFFALO, KAHANA FELD LLP (ADAM AMIRAULT OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Dennis E. Ward, J.), entered July 14, 2023. The order, among other things, denied the cross-motion of third-party defendant H.K. Frey & Sons, Inc., seeking summary judgment dismissing the second amended third-party complaint. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this Labor Law and common-law negligence action, third-party defendant H.K. Frey & Sons, Inc. (Frey) appeals from an order that, among other things, denied Frey's cross-motion for summary judgment dismissing the second amended third-party complaint and granted in part the cross-motion for summary judgment on the second amended third-party complaint of defendant-third-party plaintiff, S & S Construction of Western New York, Inc. (S & S), by determining that Frey's insurance carrier (insurer) had a duty to defend S & S in the main action. While this appeal was being perfected, the third-party action proceeded to trial, and the jury returned a verdict in Frey's favor, dismissing the second amended third-party complaint. Frey submitted a proposed judgment to the County Clerk, however, it was "returned for correction" via the NYSCEF system.
Frey's contention that Supreme Court improperly determined that the insurer had a duty to defend S & S against plaintiffs' claims in the main action is not properly before us. Frey has no direct interest in the controversy between the insurer and S & S, and the order to that extent has no binding effect on Frey or its rights. Therefore, Frey is not aggrieved by that part of the order (see generally CPLR 5511; Carney v Carney, 160 AD3d 218, 223 [4th Dept 2018]; Matter of DeLong, 89 AD2d 368, 370 [4th Dept 1982], lv denied 58 NY2d 606 [1983]).
Frey also contends that the court erred in denying its cross-motion and that the order should be modified to that extent despite the jury verdict, resulting in dismissal of the second amended third-party complaint. It is well settled that "[t]he right to appeal from an intermediate [*2]order terminates with the entry of a final judgment" (Deuser v Precision Constr. & Dev., Inc., 149 AD3d 1540, 1540 [4th Dept 2017] [internal quotation marks omitted]; see Matter of Aho, 39 NY2d 241, 248 [1976]; see generally CPLR 5501 [a] [1]). Even if the judgment has not yet been entered in this case, we conclude that this appeal is moot. Courts are generally "precluded 'from considering questions which, although once live, have become moot by passage of time or change in circumstances' " (City of New York v Maul, 14 NY3d 499, 507 [2010], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). "[A]n appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (see Coleman v Daines, 19 NY3d 1087, 1090 [2012]; see Maul, 14 NY3d at 507; Hearst Corp., 50 NY2d at 714). Here, because the second amended third-party complaint has already been dismissed pursuant to the jury's verdict, our decision will have no immediate or practical consequences to the parties (see Matter of Sportsmen's Tavern LLC v New York State Liq. Auth., 195 AD3d 1557, 1558 [4th Dept 2021]), rendering any decision moot. Based on our determinations, we dismiss the appeal.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court