Matter of Liz (Balbuena) (2025 NY Slip Op 51549(U))

[*1]

Matter of Liz (Balbuena)

2025 NY Slip Op 51549(U)

Decided on September 16, 2025

Surrogate's Court, New York County

Gingold, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through October 02, 2025; it will not be published in the printed Official Reports.

Decided on September 16, 2025
Surrogate's Court, New York County

In the Matter of the Application of Zulen Liz f/k/a Zulen Joa Hernandez, 
 as Administrator of the Estate of Be-Tel Joa Balbuena, Deceased, for Leave to Compromise Causes of Action for Wrongful Death and Conscious Pain and Suffering 
 of the Decedent, and for the Judicial Settlement of Her Account.
In the Matter of the Application of Zulen Liz f/k/a Zulen Joa Hernandez, 
 as Administrator of the Estate of NANCY JOA BALBUENA, Deceased, for Leave to Compromise Causes of Action for Wrongful Death and Conscious Pain and Suffering 
 of the Decedent, and for the Judicial Settlement of Her Account.
In the Matter of the Application of Zulen Liz f/k/a Zulen Joa Hernandez, 
 as Administrator of the Estate of RUTH JOA BALBUENA, Deceased, for Leave to Compromise Causes of Action for Wrongful Death and Conscious Pain and Suffering 
 of the Decedent, and for the Judicial Settlement of Her Account. 
In the Matter of the Application of Ana J. Fernandez, as Administrator of the 
 Estate of MASCHAY EDUARDO JOA VALDEZ, Deceased, for Leave to Compromise Causes of Action for Wrongful Death and Conscious Pain and Suffering of the Decedent, and for the Judicial Settlement of Her Account.
In the Matter of the Application of Zulen Liz f/k/a Zulen Joa Hernandez, 
 as Administrator of the Estate of 

 
 GONZAN JOA BALBUENA, Deceased, for Leave to Compromise Causes of Action for Wrongful Death and Conscious Pain and Suffering of the Decedent, and for the Judicial Settlement of Her Account. 
In the Matter of the Application of Leocadio De Jesus Balbuena, 
 as Co-Administrator of the Estate of 

 
 DELKIS BALBUENA, Deceased, for Leave to Compromise Causes of Action for Wrongful Death and Conscious Pain and Suffering 
 of the Decedent, and for the Judicial Settlement of His Account.

File No. 2011-237/B/C/D

For Petitioners Zulen Liz, Ana J. Fernandez, and Leocadio de Jesus Balbuena, Charles Martin Arnold, Esq., Lerner, Arnold & Winston, LLP, New York, New York

Hilary Gingold, S.

Before the court are six proceedings each seeking to compromise causes of action for conscious pain and suffering and wrongful death commenced by the respective administrators of [*2]the estates of six family members who died as a result of a tragic fire.[FN1]
 The underlying consolidated action [FN2]
 was commenced in Supreme Court, New York County, against the New York City Housing Authority ("NYCHA"), and the City of New York, (together "Defendants") for Defendants' alleged negligence in connection with a tragic fire which resulted in the deaths of six family members, two parents and four minor children, who resided together at the Fulton Houses in Chelsea, Manhattan. Five of the family members, Be-tel Joa Balbuena (age 2) Nancy Joa Balbuena, (age 8) Ruth Joa Balbuena (age 1), Maschay Eduardo Joa Valdez (father, age 40), and Delkis Balbuena (mother, age 34), died within an hour of each other on the morning of October 11, 2008. The sixth family member, Gonzan Joa Balbuena (age 10), died on October 16, 2008. The cause of death for all six victims was smoke inhalation. Gonzan post-deceased his mother, father and three sisters. Gonzan was the sole surviving distributee of his mother, and he and Zulen Liz (Maschay's daughter from a prior relationship) were the surviving distributees of their father, and three siblings. Gonzan's interest in the settlement proceeds ultimately passes to Zulen, as his sole surviving distributee. 
Petitioners [FN3]
seek an order authorizing the compromise of a settlement in the underlying action. In April 2018, NYCHA [FN4]
made a settlement offer of $50,000 which was conditioned upon the dismissal of the claims brought on behalf of all family members. Petitioners accepted the offer and turned to this court to authorize the compromise of the action. This proposed settlement would distribute the proceeds equally between the six estates, with each estate receiving a gross distribution of $8,333.33. When counsel fees and disbursements are deducted, each share would be reduced to $5,400.47 (not including a further reduction for statutory commissions, if not waived by the fiduciary).
This court must take note of the lengthy procedural history in the underlying proceeding in Supreme Court, New York County, as well as here. The Supreme Court action was commenced in 2010. Plaintiffs were represented by at least two successive prior lawyers. Petitioners' third and current counsel was retained in 2015. Discovery was conducted and various motions were made prior to NYCHA's settlement offer of $50,000 in April 2018. 
A compromise proceeding was first filed in this court in May 2018, by Zulen Liz, the administrator of Gonzan's estate, for the compromise of the action. This proceeding was [*3]procedurally defective. Jurisdiction was incomplete as petitioner sought approval of the compromise for all six family members in one application, and several of the estates had different fiduciaries and interested parties. Subsequently, petitioners respectively filed separate compromise proceedings for each estate. [FN5]
Jurisdiction was not obtained on five of the proceedings until January 2022. Jurisdiction in the sixth proceeding is now deemed complete upon the consent of all interested parties.
Upon this court's initial review of all six applications, it was clear that petitioners' submissions were woefully insufficient. The petitions lacked basic information regarding the rationale for such a low settlement offer. For instance, petitioner did not include the FDNY Fire Incident Report (Report) or any other report from a fire safety and prevention expert, or any other expert. The court had no information on which to determine whether the settlement was fair and reasonable. The court issued an interim order, dated February 9, 2024, which directed counsel for petitioners to submit additional information explaining their rationale for the low settlement offer. A supplemental affirmation of petitioners' counsel was submitted more than nine months later, on November 26, 2024, and the Report was included as an exhibit. The Fire Marshall concluded that the fire was started by children playing with matches. This prejudicial narrative was carried into the news media and appeared in several local newspapers. In addition, there appeared to be several factual inconsistencies in the Report, which negatively impacted a finding of Defendant's liability. For instance, the Fire Marshall's conclusion that the cause of the fire was "Child Playing w/Matches/Lighter," appeared to be based solely on the witness report of one neighbor (who claimed to have heard, on a separate unrelated occasion, the mother yelling at her son about playing with matches). This hearsay evidence, neither in admissible form nor with any other supporting evidence, was not mentioned anywhere else in the many sub-reports attached to the Report. Notably, the FDNY investigator on the scene reported that he had "not locate[d] any evidence of smoking material or matches in the area of origin, kitchen table." Moreover, the Report referenced recent complaints filed with NYCHA concerning the working of the gas stove, heat problems and possible gas leak. The Report reflected that NYCHA had adjusted the flame on the gas stove on April 7, 2008.
This court held several conferences with the parties' counsel and their clients. Counsel for defendant's rationale for the low offer was based on his theory that NYCHA would be successful on a motion for summary judgment, asserting that the Petitioners' notice of claim was defective. After the most recent court conference, NYCHA increased its offer to $125,000, which was accepted by Petitioners' counsel. The court was informed of the settlement following a conference with the parties on June 10, 2025. At one of the conferences the original offer of $50,000 was referred to as representing "nuisance value." It should be noted that this court, for more than a year, requested the production of a NYCHA representative with full authority to settle, to appear in person to discuss settlement. By order dated February 11, 2025, counsel for both sides were directed to appear in person in court on March 4, 2025.
In deciding whether to approve a compromise application in this court, the petitioner must provide adequate information to allow the court to decide whether a settlement offer is reasonable. The petitioner must also provide information to allow the court to decide on a proper allocation between different causes of action. Too often the compromise proceedings filed in this court are devoid of information regarding the rationale for the reasonableness of the settlement offer and the basis on which they seek allocations between wrongful death and conscious pain and suffering.
The court is mandated to review the adequacy of a compromise of a wrongful death action. (see EPTL 5-4.6[a], 22 NYCRR 207.38[a]). Even if all parties agree to settlement terms "it [is] the duty of the [] Surrogate in deciding whether to approve the settlement to exercise [her] judgment in the best interests of the parties interested. . ." (Matter of DeLong, 89 AD2d 368 [4th Dept 1982] [affirming the trial court's decision which declined to approve a settlement agreement entered into before the jury rendered a verdict]; see Matter of Glusing, 84 Misc 3d 171 [Sur Ct, Monroe County 2024] [where the court declined to approve a settlement where the petition failed to provide details necessary for the court to determine the merits of the underlying case and the adequacy of the settlement]).
In the instant proceedings, the court is now asked to authorize a revised settlement for six victims of a tragic fire for the total sum of $125,000, which would be equally allocated among all six decedents. This court has voiced its' concerns at multiple court conferences about the settlement offer and the low value it places on the lives of six victims. However, considering the length of time these cases have been outstanding - seventeen years since the date of the fire; coupled with the extraordinary anguish of Zulen, a minor at the time of the occurrence who lost her entire family (just months prior to this incident, unrelated to the facts and circumstances before this court,another sibling had passed away), the court would be doing further harm if it denied these petitions. The underlying action would otherwise return to Supreme Court, where further litigation would likely ensue. Based on the foregoing, this court will permit the compromise to the extent noted below.
As to petitioners' request for an allocation for wrongful death, the court disagrees with the requested allocations. The record reflects that all of the decedents died from smoke inhalation, and it is apparent from the record that each decedent knowingly suffered intensely, even if for a short period of time.[FN6]
In addition, pecuniary damages resulting from the death of an infant are difficult to establish, and jury awards for such damages are often set aside by the trial court or reversed on appeal. New York's Wrongful Death Statute limits damages to those which are "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (EPTL 5-4.3[a]). Such damages may compensate distributees for the future lost earnings and loss of services of the decedent, in addition to the costs of medical treatment and funeral expenses incidental to the death. When the pecuniary injuries relate to an infant decedent, courts are reluctant to sustain an award for damages in the absence of sufficient proof of an economic injury (see Wanamaker v Piertraszek, 107 AD2d 1020 [4th Dept 1985] [holding that speculation as to a young decedent's future earnings or contributions to a parent does not serve as an adequate basis for determination of [*4]pecuniary damages]; Turscanyi v Grunfeld, NYLJ, May 21, 1996 at 20, col 2 [Sup Ct, Queens County 1996] [court set aside the portion of verdict that awarded pecuniary damages for the wrongful death of a child under the age of four where there was a lack of evidence of a pecuniary injury]).
Accordingly, the settlement proceeds for the estates of Delkis, Gonzan, Be-tel, Nancy and Ruth are allocated 100% to conscious pain and suffering. The settlement proceeds for Maschay's estate is allocated 50% to conscious pain and suffering and 50% to wrongful death. Maschay, employed as a maintenance worker at Columbia Presbyterian Hospital, was survived by Zulen, an infant at the time of the fire, who relied on him for support, both financially and emotionally.
Lastly, all petitioners are represented by the same counsel, Lerner, Arnold & Winston, and that firm has waived its fees as to the initial settlement offer. The court will authorize a reduced fee award for the settlement proceeds which exceed $50,000, at a rate of 15%. 
Accordingly, the respective administrators' petitions in the estates of Be-tel Joa Balbuena, Nancy Joa Balbuena, Ruth Joa Balbuena, Gonzan Joa Balbuena, Maschay Eduardo Joa Valdez, and Delkis Balbuena for leave to compromise the causes of action for conscious pain and suffering and wrongful death of the above decedents are granted. The restrictions contained in the letters issued to the administrators are modified to the extent necessary to effectuate the compromises, and they are authorized to collect the settlement proceeds and to execute the necessary receipts and releases.
The balance of the settlement proceeds shall be distributed to Zulen Liz and to the estate of Gonzan Joa Balbuena pursuant to EPTL 4-1.1 and EPTL 5-4.4, as set forth in the decrees. 
Decrees signed. 
Dated: September 16, 2025
S U R R O G A T E

Footnotes

Footnote 1:For purposes of clarity and judicial economy, this decision encompasses all six of the compromise proceedings. Separate decrees will issue for each proceeding.

Footnote 2:The underlying actions in Supreme Court, New York County (Index Nos. 100115/2010 and 100124/2010) were consolidated by order of Hon. Emily Jane Goodman, J. S.C., dated June 7, 2011, and the consolidated action continued under Index No. 100115/2010.

Footnote 3:Zulen Liz a/k/a Zulen Joa Fernandez is the administrator of the estates of Be-tel Joa Balbuena, Nancy Joa Balbuena and Gonzan Joa Balbuena. Ana J. Fernandez is the administrator of the estate of Maschay Eduardo Joa Valdez. Leocadio De Jesus Balbuena is the co-administrator of the estate of Delkis Balbuena.

Footnote 4:The action against the City of New York was discontinued by stipulation so ordered by Hon. Karen Smith, J.S.C., dated August 5, 2010.

Footnote 5:The administrator of Gonzan's estate amended her petition to reflect the compromise of solely Gonzan's interest in the settlement.

Footnote 6:According to the FDNY's Report, the bodies of two of the victims (Delkis and Nancy) were found unconscious in the bathtub and Be-tel was found on the bathroom floor. Maschay, Gonzan and Ruth were found unconscious in the rear bedroom which is adjacent to the bathroom.