■ STELLA HEREIDA et al., Respondents, v LUIS R. HEREIDA, Appellant, et al., Defendants. [611 NYS2d 236] —In consolidated actions to recover damages for wrongful death, the defendant, Luis Ramon Hereida, appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated September 23, 1988, as granted the plaintiffs' motions for summary judgment on the issue of liability, and directed an inquest as to damages, from two orders of the same court, both dated June 9, 1992, which, *inter alia,* denied his motion to vacate the order dated September 23, 1988, and from a judgment of the same court, dated September 5, 1992, which awarded the plaintiffs damages after an inquest.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents, appearing separately and filing separate briefs.

The appeals from the intermediate orders dated September 23, 1988, and June 9, 1992, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from those orders are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The appellant contends that the Supreme Court erred in granting summary judgment in favor of the plaintiff Stella Hereida because she lacked standing to commence the Queens County wrongful death action and, as a result, the court lacked subject matter jurisdiction over the action. However, since the appellant failed to make a motion pursuant to CPLR 5015 to vacate a prior order of the same court dated September 29, 1986, which granted Stella Hereida's motion to strike his affirmative defense of lack of standing, upon his default in opposing the motion, the issue is not properly before this Court *(see, High v Coletti,* 143 AD2d 810; *Matter of Serafim,* 140 AD2d 350). In any event, we note that contrary to the appellant's contention, a plaintiff's lack of standing does not

raise a question of subject matter jurisdiction *(see, Lacks v Lacks,* 41 NY2d 71; 28 NY Jur 2d, Courts and Judges, § 182).

We further find that the Supreme Court did not improvidently exercise its discretion in denying the appellant's motion to vacate the order dated September 23, 1988, which awarded the plaintiffs summary judgment on their wrongful death claims. Contrary to the appellant's contention, the evidence before the Supreme Court of his criminal conviction for manslaughter in the first degree arising from the same incidents alleged in the complaints was sufficient to permit the award of summary judgment in the plaintiffs' favor *(see,* CPLR 4520; *People ex rel. Rosenberg v Rosenberg,* 160 AD2d 327; *Lanza v State of New York,* 130 AD2d 872; *Cohan v Misthopoulos,* 118 AD2d 530, 531; *Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495).

We have examined the appellant's remaining contentions, and find that they are without merit. Miller, J. P., Lawrence, Altman and Krausman, JJ., concur.