[681 NYS2d 637]

In the Matter of ELMER Q., Alleged to be an Incapacitated Person, Appellant. MICHAEL T. BROCKBANK, Respondent.

Third Department, December 10, 1998

### APPEARANCES OF COUNSEL

*Hutchinson & Hutchinson, P. C.,* Oyster Bay (*Richard L. Hutchinson* of counsel), for appellant.

*Friedman, Hirschen, Miller & Coughlin, P. C.,* Schenectady (*Lynn M. Blake* of counsel), for respondent.

### OPINION OF THE COURT

GRAFFEO, J.

Petitioner was retained in 1989 by respondent and remained his attorney until discharged in February 1997. After a disagreement over respondent's living arrangement and certain expenditures, respondent revoked petitioner's power of attorney and executed a new power of attorney appointing attorney Alvan Hutchinson, Jr. On February 28, 1997, petitioner commenced this proceeding pursuant to Mental Hygiene Law article 81 to declare respondent an incapacitated person and to be appointed as guardian of his person and property. Respondent moved to dismiss the petition in March 1997 and Supreme Court denied the motion. Respondent then interposed an answer but, subsequently, on June 12, 1997, the parties entered into a stipulation of settlement dismissing the petition. Thereafter, Supreme Court issued an order setting forth the terms of the stipulation and approving counsel fees for petitioner, the court-appointed evaluator and respondent's attorneys. Respondent appeals, primarily contending that petitioner did not have standing to commence the proceeding and that Supreme Court did not have jurisdiction to set counsel fees for respondent's attorneys.

It is well settled that in order to maintain an appeal, a party must be aggrieved (*see,* CPLR 5511) and, therefore, an order or judgment entered upon stipulation is not appealable (*see, Matter of Arnold O.,* 226 AD2d 866, *lv denied* 88 NY2d

810; *Hagfors v Hagfors*, 200 AD2d 873; *see also, Raji v Bank Sepah-Iran*, 74 NY2d 916). Here, since it is clear that the parties entered into a stipulation of settlement before Supreme Court to resolve this matter, including, *inter alia*, the dismissal of the petition, respondent can no longer challenge the denial of his motion to dismiss. Contrary to respondent's claim, the basis for his appeal (i.e., lack of standing) is not premised upon subject matter jurisdiction and, therefore, the appeal is without merit (*see, Hereida v Hereida*, 203 AD2d 524).

■ Respondent further asserts that Supreme Court lacked jurisdiction to fix counsel fees for his privately retained attorneys. We consider this issue since respondent's counsel fees were not addressed in the record of the stipulation. Mental Hygiene Law article 81 provides that the court may assess counsel fees for an alleged incapacitated person's court-appointed attorney where a petition is dismissed (*see,* Mental Hygiene Law § 81.10 [f]) and, in the alternative, if the petition is granted the incapacitated person may be held liable for compensation for the petitioner's counsel (*see,* Mental Hygiene Law § 81.16 [f]). Although Mental Hygiene Law § 81.10 (a) provides that an alleged incapacitated person has the right to be represented by legal counsel of his or her choice, the statute does not compel the court to assess counsel fees for privately retained counsel. We find, however, that the court in its inherent authority has the discretion to set fees in a Mental Hygiene Law article 81 proceeding (*see, Ingber v Sabato*, 229 AD2d 884, *lv denied* 90 NY2d 808; *Matter of Bizar & Martin v U.S. Ice Cream Corp.*, 228 AD2d 588) since the utility of court-approved fees for services rendered to an alleged incapacitated person is equally compelling with regard to a privately retained attorney.

Moreover, respondent's attorneys submitted affidavits itemizing their services and a proposed order seeking court-approved fees and disbursements of $32,264.67. With respect to the amount of Supreme Court's award of fees to respondent's counsel, the record reveals that the court made a reasonable assessment after considering the time expended by counsel, the nature of the proceedings, the two court appearances required of counsel and the absence of an evidentiary hearing or protracted discovery. Supreme Court, therefore, did not abuse its discretion (*see, Matter of Grace PP.*, 245 AD2d 824, *lv denied* 92 NY2d 807; *see also, DeCabrera v Cabrera-Rosete*, 70

NY2d 879) and we find no reason to alter its determinations. Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.