■ In the Matter of MATTHEW L. NICHOLAS L., Respondent. VIRGINIA L., Nonparty Appellant. [775 NYS2d 170]—

In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for Matthew L., the nonparty, Virginia L., appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), dated January 15, 2003, as, upon Matthew L.'s consent, appointed his son, Nicholas L., as the guardian of his property and person.

Ordered that the appeal is dismissed, with costs.

In November 2002 the petitioner, Nicholas L., commenced this proceeding pursuant to Mental Hygiene Law article 81 seeking, inter alia, appointment as the guardian to manage the property and personal affairs of his father, Matthew L. At the time the guardianship petition was filed, Matthew L. was named as a party in at least three legal proceedings involving the estate of his brother Raffaele L., who died in 1979.

At a hearing on the petition, Virginia L., who is the current administrator of Raffaele L.'s estate, but who was not a party to the guardianship proceeding, appeared to contest a temporary restraining order enjoining her from enforcing a certain judgment and to oppose the petition on the ground, inter alia, that it was a subterfuge to avoid paying the judgment. The Supreme Court determined that Virginia L. had a limited right to object to the temporary restraining order but she did not have standing to challenge the guardianship petition on the merits. Also, upon Matthew L.'s consent, the Supreme Court, inter alia, appointed Nicholas L. as his guardian, and enjoined Virginia L.

from enforcing the judgment against Matthew L., pursuing the pending litigation involving him, or commencing any new actions until 60 days after the appointment and qualification of the guardian.

In a decision and order on motion dated September 11, 2003, this Court previously dismissed, as academic, an appeal from so much of the order and judgment as enjoined Virginia L. from enforcing the judgment in a related proceeding, pursuing that litigation, or commencing any new action against Matthew L. The appeal from so much of the order as appointed Nicholas L. as the guardian for Matthew L. is now dismissed on the ground that Virginia L. is not an "aggrieved party" within the meaning of CPLR 5511.

As a general rule, the test of aggrievement is "whether the person seeking to appeal has a direct interest in the controversy which is affected by the result and whether the adjudication has a binding force against the rights, person or property of the party or person seeking to appeal" (*Matter of Richmond County Socy. for Prevention of Cruelty to Children,* 11 AD2d 236, 239 [1960], *affd* 9 NY2d 913 [1961], *cert denied* 368 US 290 [1961]). Here, Virginia L. failed to establish that she had a direct interest in the guardianship proceeding or that the appointment of a guardian for Matthew L. will affect her rights as an individual or a fiduciary (*see Isham v New York Assn. for Improving the Condition of the Poor,* 177 NY 218 [1904]; *Bryant v Thompson,* 128 NY 426 [1891]; *Ross v Wigg,* 100 NY 243 [1885]).

In light of our determination, we need not reach the remaining issues. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.