■ In the Matter of GRACE R., a Person Alleged to be Incapacitated, Respondent. JOHN R. BEAUDOIN, as Commissioner of Social Services of Rensselaer County, Respondent; GEORGE R., Appellant. [784 NYS2d 210]—

Crew III, J. Appeal from an order and judgment of the Supreme Court (Canfield, J.), entered January 28, 2004 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 81, to appoint a guardian of the person and property of respondent.

Petitioner commenced this proceeding in April 2003 at the behest of respondent's son Harry, seeking the appointment of a guardian for respondent, an allegedly incapacitated person. Specifically, petitioner alleged that respondent, who had been diagnosed with, among other things, Alzheimer's type dementia, was likely to suffer harm due to her inability to understand her functional limitations and provide for her personal needs and/or property management. Following a hearing, at which Harry, one of petitioner's adult protective caseworkers and a nurse at the facility where petitioner then was living appeared and testified, Supreme Court granted the petition, finding, among other things, that the record established, by clear and convincing evidence, that respondent was incapacitated, thereby necessitating the appointment of a guardian of her person and property. This appeal by George R., another of respondent's sons, ensued.

Petitioner initially contends that the instant appeal should be dismissed because George is not an "aggrieved party" within the meaning of CPLR 5511 and, hence, lacks standing to pursue this appeal. We agree. Plainly, a party must be aggrieved in order to maintain an appeal (see Matter of Elmer Q., 250 AD2d 256, 257 [1998]). "As a general rule, the test of aggrievement is 'whether the person seeking to appeal has a direct interest in the controversy which is affected by the result and whether the adjudication has a binding force against the rights, person or property of the party or person seeking to appeal' " (Matter of Matthew L., 6 AD3d 712, 713 [2004], quoting Matter of Richmond County Socy. for Prevention of Cruelty to Children, 11 AD2d 236, 239 [1960], affd 9 NY2d 913 [1961], cert denied 368 US 290 [1961]).

In our view, George's stated desire to continue to reside with his mother is not the functional equivalent of a "direct interest" in the underlying controversy, and the record as a whole fails to reflect how the appointment of a guardian for respondent has in any way impaired George's rights as an individual. The record reflects that as of the time of the hearing, George

was receiving a disability check, had approximately $40,000 on deposit in a local bank and owned property. Additionally, petitioner alleged that there were no health care proxies, living wills, health care directives and/or powers of attorney executed in favor of George. Under such circumstances, we cannot say that George meets the definition of an aggrieved party or person within the meaning of CPLR 5511.

To the extent that George argues that because he was entitled to statutory notice of the proceeding pursuant to Mental Hygiene Law § 81.07 (d) (1), he therefore should be deemed an "aggrieved party" for purposes of a subsequent appeal, we are not so persuaded. The mere fact that George was given notice of the proceeding and, hence, an opportunity to make an informed decision regarding his desired level of involvement therewith, simply does not satisfy the test for aggrievement. To the degree that this Court's prior decision in *Matter of John XX.* (226 AD2d 79 [1996], *lv denied* 89 NY2d 814 [1997]) offers any support for George's argument on this point, we find that proceeding to be entirely distinguishable as the appellant in that matter, a potential future creditor, clearly had a financial interest in the outcome of the underlying proceeding. Accordingly, we agree with petitioner that George's appeal should be dismissed. In light of this conclusion, we will not address the merits of the appeal.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the appeal is dismissed, without costs.