OPINION OF THE COURT
Joel K. Asarch, J.
By order to show cause granted on February 20, 2006, and the affirmation in support by David A. Smith, Esq., dated February 17, 2006, the respondents, Linda G. (the ex-wife of the alleged incapacitated person) and Richard G. (a son of the alleged incapacitated person), seek an order directing petitioners’ counsel to serve a copy of the petition and exhibits attached thereto upon said respondents, as well as the imposition of sanctions upon petitioners’ counsel for failure to comply with a written demand for same. The court declined to stay the court evaluator from continuing with her investigation pending a determination of this motion. The petitioners, Stuart G. and Paul G. (the other two sons of the alleged incapacitated person), by affirmation of Emily F. Franchina, Esq., dated March 2, 2006, have opposed the relief requested.
Prior to December 13, 2004, each respondent named in a Mental Hygiene Law article 81 proceeding was entitled to and did receive a complete set of the pleadings filed with the court, to wit: the order to show cause, the petition, and any supporting papers. Sensitive personal, medical, and financial information concerning the alleged incapacitated person (who had not yet been adjudicated incapacitated), including bank account numbers and branch locations, Social Security numbers, and dates of birth as items commonly included in a standard petition, were unceremoniously shared with parents, children, siblings, roommates, acquaintances demonstrating a “genuine interest” in the person, and even creditors, all without the consent of the individual. This clearly flew in the face of the spirit (if not the letter) of the privacy protections afforded to our citizens, including the Health Insurance Portability and Accountability Act and the doctor-patient privilege.
Chapter 438 of the Laws of 2004 changed the notice provisions of Mental Hygiene Law article 81. Pursuant to section 81.07 (g) (2) of the Mental Hygiene Law, as amended, while the alleged incapacitated person, the court evaluator, and the attorney for the alleged incapacitated person are to receive a complete set of the pleadings filed with the court, all other respondents are privy to only a copy of the order to show cause and a notice of proceeding containing a skeletonized version of *234 the allegations in the petition, including £‘[t]he object of the proceeding and the relief sought in the petition.” (Mental Hygiene Law § 81.07 [f] [5].)
In the rather unique set of circumstances with which the court is faced in the underlying guardianship proceeding, the respondents herein seek a copy of the petition. They allege that as attorney-in-fact under a power of attorney and as health care agent, Linda G. is an interested person who is entitled to a copy of the petition in order for her counsel to adequately prepare for the hearing and protect her interests. (See e.g. Matter of Grace R., 12 AD3d 764 [3d Dept 2004].) Counsel states that upon information and belief,
“the Verified Petition herein contains allegations and/or seeks relief which directly implicates the fundamental personal and property rights of LINDA G[.] and RICHARD G[.], in connection with which they both are entitled to full and specific notice, an opportunity to be heard, and an opportunity to confront their accusers in open Court.” (Affirmation in Support, David A. Smith, Esq. at 4.)
The petitioners respond that they are prohibited from releasing the information sought by the respondents without the further order of the court.
Respondents’ counsel understandably desires all information necessary to zealously advocate and/or defend his clients’ position(s), including the attempt by petitioners in this instance to reopen “the long resolved matrimonial action” between the alleged incapacitated person and Linda G. The issue, simply stated, is whether respondents’ counsel is entitled to such information.
First, the court need not address the sweeping challenge to the constitutionality of serving a notice of proceeding in lieu of the petition in an article 81 proceeding. Any challenge to the statute’s constitutionality must be on notice to the Office of the Attorney General, and should be submitted in written brief with the infirmities specifically stated. (See Executive Law § 71.) The court notes, however, that in accordance with the requirement of the Due Process Clause of the United States Constitution that a respondent have an opportunity to be heard (see Greene v Lindsey, 456 US 444 [1982]), the respondents have been afforded such opportunity having been apprised of the court date at which they are entitled to be present (cf. Mental Hygiene Law § 81.14 [b]), while being represented by counsel of *235 their choosing, and hence, may determine their “desired level of involvement” in the hearing. (Matter of Grace R., supra at 766.)
Second, the specific provisions of article 81 of the Mental Hygiene Law supercede the general directions of CPLR 403 (b) as cited by counsel for the respondents. (See CPLR 101.) Mental Hygiene Law § 81.07 as revised is clearly an “inconsistent statute” (CPLR 101), and shall be accorded such treatment.
Finally, this court has elected not to implement a policy of blanket disclosure of the petition by petitioners’ counsel simply upon demand by a recipient of a notice of proceeding. In the court’s opinion, the statutory change would be meaningless if a simple demand could lead to disclosure of the petition by any party so noticed. Judicial supervision and discretion are necessary elements of such disclosure.
As in any other special proceeding, an article 81 proceeding is commenced by filing the petition with the county clerk of the appropriate county. (CPLR 304; Matter of Mendon Ponds Neighborhood Assn. v Dehm, 98 NY2d 745 [2002].) Ironically, any person could requisition and view the petition from the county clerk’s file, unless the court affirmatively issues a sealing order upon a written finding of good cause shown. (Mental Hygiene Law § 81.14 [b]; 22 NYCRR part 216; see e.g. Matter of A.J., 1 Misc 3d 910[A], 2004 NY Slip Op 50016[U] [Sup Ct, Kings County 2004].) Yet, under the changes in CPLR 304 and 306-a, effective November 21, 2001 (L 2001, ch 437, § 3), the order to show cause no longer needs to be filed with the county clerk at the outset of the proceeding; accordingly, no such order is issued at the outset of a proceeding. Nor is the recently enacted CPLR 2103-a applicable to restrain potential abuses. This apparent discrepancy between the CPLR and Mental Hygiene Law § 81.07 merits further action by the New York State Legislature.
The court earlier described the within proceeding as “unique” with specific purpose. Here, the respondent Linda G. had previously commenced an article 81 proceeding for the appointment of a guardian for the very same alleged incapacitated person. It appears that such proceeding was commenced on the advice of her former matrimonial attorneys when postjudgment proceedings had been commenced by the alleged incapacitated person. However, before this court granted the order to show cause in the guardianship proceeding or considered her standing to bring such proceeding, and apparently on advice of new matrimonial attorneys, the petition was sought to be withdrawn. After *236 reviewing the papers, and based in large part on allegations that the alleged incapacitated person actually resided in the State of New Jersey, the court by order dated November 29, 2005 permitted the proceeding to be withdrawn without prejudice.
Under these circumstances, unlike the majority of article 81 proceedings, the very respondent now complaining of a lack of information provided had sufficient information to enable her to verify a petition for the appointment of a guardian for the same individual some four months earlier. Her petition in support of the (unsigned) order to show cause contained personal information and allegations regarding the assets of the alleged incapacitated person, his income, and certain liabilities. She also addressed certain issues concerning the divorce proceeding in her petition and the attempt to “re-litigate” the divorce settlement.
Notwithstanding the foregoing, however, as it appears the information contained in the present petition will not cause “undue humiliation and embarrassment” (Rose Mary Bailly, 2005 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.07, 2006 Pocket Part, at 126) to the alleged incapacitated person by disclosure to the respondent Linda G., nor is there a need to redact any portion thereof, and further, based on the respondent Linda G.’s own prior petition for similar relief, the court hereby grants the application as follows:
(1) The petitioners shall serve upon the respondents’ counsel a copy of the verified petition and any exhibits thereto at least one business day prior to the next scheduled hearing date in this matter, to wit: March 10, 2006 at 9:30 a.mand
(2) That portion of the motion seeking sanctions against the petitioners’ attorneys for alleged frivolous conduct is denied. Counsel was complying with the express language of Mental Hygiene Law § 81.07 when denying respondents’ demand, and the resort to the court was appropriate.
In ordering this relief, the court has done so based on the facts of this case. Counsel should note that this is an exception to the law as it presently exists, and all requests must be evaluated by the court on a case-by-case basis.
No costs are awarded to either party herein.