*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 24, 2014                518236
_____

WELLS FARGO BANK, NA,

                    Respondent,

        v                                MEMORANDUM AND ORDER

PIERRE N. OSTIGUY, Also Known
    as PIERRE OSTIGUY, et al.,
                    Appellants,
                    et al.,
                    Defendants.
_____

Calendar Date:  June 3, 2014

Before:  Peters, P.J., Garry, Rose, Egan Jr. and Clark, JJ.

_____

        Kim D'Souza, LaGrangeville, for appellants.

        Hogan Lovells US, LLP, New York City (Robin L. Muir of
counsel), for respondent.

_____

Rose, J.

        Appeal from an order of the Supreme Court (Zwack, J.),
entered April 2, 2013 in Columbia County, which, among other
things, granted plaintiff's motion to be released from a
mandatory settlement conference.

        Defendants Pierre N. Ostiguy and Elaine R. Thomas
(hereinafter collectively referred to as defendants) are the
owners of a rental property located in Columbia County.  In 2009,
defendants executed a mortgage on the property, but they
defaulted on the mortgage in 2011 and plaintiff commenced this
foreclosure action in 2012.  Although plaintiff mistakenly
requested a mandatory settlement conference and one was scheduled

(see CPLR 3408 [a]; 22 NYCRR 202.12-a [b] [1]), plaintiff later moved to be released from the conference requirement because defendants were not residents of the property.  Defendants opposed the motion and, relying on CPLR 3408 (e), they cross-moved for disclosure of certain information concerning the ownership of their mortgage.  Supreme Court, among other things, granted plaintiff's motion and denied defendants' cross motion. Defendants now appeal.

Inasmuch as there is no dispute that defendants did not reside at the mortgaged premises, Supreme Court correctly concluded that CPLR 3408 was inapplicable and granted plaintiff's motion to be released from the mandatory settlement conference. Since defendants were not "resident[s] of the property subject to foreclosure" (CPLR 3408 [a]), they "[were] not entitled to a settlement conference or the other protections accorded to homeowners in residential foreclosures" (Marcon Affiliates, Inc. v Ventra, 112 AD3d 1095, 1096 [2013]; see Brandywine Pavers, LLC v Bombard, 108 AD3d 1209, 1210 [2013]).

Defendants' contention concerning Supreme Court's cautionary footnote directed at defendants' counsel is not properly before us as neither defendants nor counsel were aggrieved thereby (see Vanderlyn v Daly, 97 AD3d 1053, 1055 n 3 [2012], lv denied 20 NY3d 853 [2012]; Matter of Valenson v Kenyon, 80 AD3d 799, 799 [2011]; Matter of Grace R., 12 AD3d 764, 765 [2004]).  Defendants' remaining contentions have been rendered academic by this decision.

Peters, P.J., Garry, Egan Jr. and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court