**Temple v Harlem Ctr. for Nursing & Rehabilitation, LLC**

2025 NY Slip Op 30038(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 150328/2024

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**                    PART                    56M
                                          *Justice*

-----------------------------------------------------------------------X

JAMES TEMPLE, JR.,

|  |  |
|---|---|
| INDEX NO. | 150328/2024 |
| MOTION DATE | 10/15/2024 |
| MOTION SEQ. NO. | 001 |

                                    Plaintiff,

                    - v -

HARLEM CENTER FOR NURSING AND
REHABILITATION, LLC,

**DECISION + ORDER ON
MOTION**

                                    Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68

were read on this motion to/for                    DISMISS                    .

In this action to recover damages, inter alia, for statutory nursing home negligence, medical malpractice, loss of dignity, and loss of enjoyment of life, the defendant, Harlem Center for Nursing and Rehabilitation, LLC (HCNR), moves pursuant to CPLR 3211(a) to dismiss the complaint as against it on the ground that the complaint fails to state a cause of action (CPLR 3211[a][7]) and for lack of subject matter jurisdiction (CPLR 3211[a][2]).  The plaintiff opposes the motion.  The motion is granted, inasmuch as the complaint fails to state a cause of action against HCNR by virtue of the immunity from civil liability conferred upon it by the Emergency or Disaster Treatment Protection Act (Public Health Law former §§ 3080-3082; hereinafter EDTPA).

The plaintiff James Temple, Jr., was a resident of HCNR from approximately December 15, 2020 until June 8, 2021.  In his complaint, which he filed on January 12, 2024, the plaintiff alleged that HCNR first became aware of the growing COVID-19 pandemic in or around January 2020, and that it failed to provide him with the appropriate care or with customary nursing and rehabilitation services during his time there.  The plaintiff further alleged that he

contracted COVID-19 while at HCNR, and that the facility failed to take the proper precautions to prevent and control the spread of infections, such as having sufficient or proper personal protective equipment (PPE) available, isolating residents, properly sterilizing and storing equipment, and actively screening everyone that entered the building for COVID-19 symptoms. Finally, Temple alleged that he suffered loss of dignity and enjoyment of life from COVID-19 as a result of HCNR's failures.

In its motion, HCNR argued that the complaint should be dismissed since EDTPA and New York Governor's Executive Order 202.10 each conferred immunity upon it from civil actions such as the plaintiff's action here, while the federal Public Readiness and Emergency Preparedness Act (42 USC § 247d-6d, *et seq*.; hereinafter the PREP Act) provided broad, federal immunity, and the claims here related both to healthcare services provided in response to the COVID-19 pandemic and to "covered countermeasures" employed in the diagnosis or treatment of COVID-19.  In opposition, the plaintiff argued that the EDTPA may not be invoked by the defendant since the act has since been repealed.  The plaintiff also argued that the care that the defendant provided to him during the pandemic was a continuance of care that he had been receiving prior to the pandemic, and thus is not protected by EDTPA.  In addition, the plaintiff claimed that the PREP Act is not applicable to this case.  Finally, the plaintiff argued that his claims for gross negligence and recklessness are not subject to statutory immunity.

When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action" *(511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]).  To determine whether a claim adequately states a cause of action, the court must "liberally construe" it, accept the facts alleged in it as true, accord it "the benefit of every possible favorable inference" (*id*. at 152; *see Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881 [2013]; *Simkin v Blank*, 19 NY3d 46 [2012]), and determine only whether the facts, as alleged, fit within any cognizable legal theory (*see Taxi Tours, Inc. v Go New York Tours, Inc.,* 41 NY3d 991, 993

150328/2024   TEMPLE JR., JAMES vs. HARLEM CENTER FOR NURSING AND REHABILITATION, LLC,
Motion No.  001

Page 2 of 10

2 of 10

[2024]; *Hurrell-Harring v State of New York*, 15 NY3d 8 [2010]; *Leon v Martinez*, 84 NY2d 83 [1994]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc*., 10 AD3d 267 [1st Dept 2004]; CPLR 3026).  "The motion must be denied if from the pleading's four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners Corp. v Jennifer Realty Co*., 98 NY2d at 152 [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d at 87-88; *Guggenheimer v Ginzburg*, 43 NY2d 268 [1977]).  Where, however, the court considers evidentiary material beyond the complaint, as it does here, the criterion becomes "whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d at 275), but dismissal will not eventuate unless it is "shown that a material fact as claimed by the pleader to be one is not a fact at all" and that "no significant dispute exists regarding it" (*id*.).  Nonetheless, "conclusory allegations—claims consisting of bare legal conclusions with no factual specificity— are insufficient to survive a motion to dismiss" (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]).

Subject matter jurisdiction

> "refers to the power of the court to hear the kind of case that is presently before it for adjudication (*Matter of Newham v Chile Exploration Co*., 232 NY 37; *Matter of Rougeron*, 17 NY2d 264; *Thrasher v United States Liab. Ins. Co*., 19 NY2d 159; *Hunt v Hunt*, 72 NY 217).  Whether a court has subject matter jurisdiction is determined by the Constitution, statutes and (occasionally) the rules which confer jurisdiction. (Siegel, *Practice Commentaries*, McKinney's Cons Laws of NY, Book 7B, CPLR 3211, C3211:11, at 17), and not by the particular facts of any case. (*Hunt v Hunt*, *supra*.)  The question to be resolved is whether the court has jurisdiction over the 'type' of case, not whether it has jurisdiction over 'this particular' case. (*1890 Realty Co. v Ford*, 121 Misc 2d 834; Treiman, *Subject Matter Jurisdiction in Summary Proceedings*, NYLJ, Mar. 2, 1990, at 1, col 1; *Hunt v Hunt*, *supra*.)"

(*New York County Dist. Attorney's Office v Oquendo*, 147 Misc 2d 125, 127-128 [Civ Ct, N.Y. County 1990]).  Thus, subject matter jurisdiction

> "'refers to objections that are 'fundamental to the power of adjudication of a court.'  'Lack of jurisdiction' should not be used to mean merely 'that elements of a cause of action are absent,' but that the matter before the court was not the kind of matter on which the court had power to rule"

**150328/2024   TEMPLE JR., JAMES vs. HARLEM CENTER FOR NURSING AND REHABILITATION, LLC, Motion No.  001**

**Page 3 of 10**

[* 3]

3 of 10

(*Manhattan Telecom. Corp. v H & A Locksmith, Inc*., 21 NY3d 200, 203 [2013], quoting *Lacks v Lacks*, 41 NY2d 71, 74 [1976]; *see Garcia v Government Emps. Ins. Co.*, 130 AD3d 870, 871 [2d Dept 2015]).  "Subject matter jurisdiction is a 'power to adjudge concerning the general question involved' in litigation, and 'is not dependent upon the state of facts which may appear in a particular case'" (*Henry v New Jersey Tr. Corp*., 39 NY3d 361, 371 [2023], quoting *Hunt v Hunt*, 72 NY 217, 229 [1878]).  Pursuant to NY Constitution, art VI, § 7(a), "[t]he supreme court shall have general original jurisdiction in law and equity."  "A plaintiff's lack of standing does not raise a question of subject matter jurisdiction" (*Hereida v Hereida*, 203 AD2d 524, 524-525 [2d Dept 1994]; *see Matter of Elmer Q.,* 250 AD2d 256, 258 [3d Dept 1998]).  Nor is lack of subject matter jurisdiction implicated where a complaint fails to state a cause of action because a claim is barred by an exclusive administrative remedy (*see Hernandez v 2075-2081 Wallace Ave. Owners Corp*., 176 AD3d 467, 467 [1st Dept 2019]).  Crucially, immunity from suit is a waivable defense and, hence, cannot be the basis for the invocation of lack of subject matter jurisdiction (*Henry v New Jersey Tr. Corp*., 39 NY3d at 369-372; *Gillis v Carmel Richmond Nursing Home, Inc.*, 83 Misc3d 1256[A], 2024 NY Slip Op 50984[U], *5, 2024 NY Misc LEXIS 3283, *13 [Sup Ct, Richmond County, Jul. 29, 2024]).  This court thus has subject matter jurisdiction over the instant medical malpractice action.

Nonetheless, the complaint fails to state a cause of action, inasmuch as, under the circumstances of this case, EDTPA confers immunity upon HCNR.

In March 2020, then-Governor Andrew Cuomo signed Executive Order No. 202 (9 NYCRR 8.202), declaring a disaster emergency in New York state, and Executive Order No. 202.10 (9 NYCRR 8.202.10), conferring, upon healthcare workers and facilities, immunity from civil liability for any injury or death alleged to have been sustained directly as a result of the provision of medical services in support of New York's response to the COVID-19 pandemic, except where such injury or death was caused by gross negligence or recklessness.  On April 3, 2020, the Legislature passed EDTPA, granting any healthcare facility or healthcare professional

150328/2024   TEMPLE JR., JAMES vs. HARLEM CENTER FOR NURSING AND REHABILITATION, LLC,
Motion No.  001

Page 4 of 10

4 of 10

immunity from civil or criminal liability related to the care of patients with COVID-19, provided that:

> "the health care facility or health care professional is arranging for or providing health care services pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law; the act or omission occurs in the course of arranging for or providing health care services and the treatment of the individual is impacted by the health care facility's or health care professional's decisions or activities in response to or as a result of the COVID-19 outbreak and in support of the state's directives; and the health care facility or health care professional is arranging for or providing health care services in good faith"

(Public Health Law former § 3082[2]). The immunity did not apply where an act or omission constituted willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm (*id*.). The EDTPA was effective retroactive to March 7, 2020, making it applicable to acts or omissions that occurred on or after that date. On April 6, 2021, the legislature repealed the EDTPA, with the repeal to take effect immediately.

On March 17, 2020, in response to the pandemic, the Secretary of the United States Department of Health and Human Services issued a declaration invoking and implementing the PREP Act, pursuant to which Congress had provided immunity from liability to covered persons for loss caused by or relating to the administration or use of a "covered countermeasure" in times of a public health emergency (*see* 42 USC § 247d-6d[a][1]). "Covered countermeasures" included any drug or device used to treat, diagnose, or mitigate the spread of COVID-19, as well as PPE and COVID-19 tests, that had been approved by United States Food and Drug Administration (FDA), as well as common medical devices such as thermometers and ventilators (*see Escobar v Mercy Med. Ctr.*, 83 Misc 3d 1213[A], 2024 NY Slip Op 50704[U] [Sup Ct, Nassau County, Jun. 11, 2024]). The only exception to the PREP Act was "for death or serious physical injury proximately caused by willful misconduct" by a covered person, and allowed an action to be instituted by the person who suffered such an injury, or by any representative of such a person (*see* 42 USC §§ 247d-6d[d][1], [2]).

**150328/2024 TEMPLE JR., JAMES vs. HARLEM CENTER FOR NURSING AND REHABILITATION, LLC,**
**Motion No. 001**

**Page 5 of 10**

5 of 10

With respect to the issue of whether the repeal of EDTPA was retroactive, thus negating statutory immunity for acts or omissions between March 7, 2020 and April 6, 2021, the courts have determined that it is not (*see Hasan v Terrace Acquisitions II, LLC*, 224 AD3d 475, 477 [1st Dept 2024] [finding that, not only did the statutory text employ no retroactivity language, but that many other factors that must be applied in determining whether a statute is retroactive also were not applicable]; *Whitehead v Pine Haven Operating LLC*, 222 AD3d 104, 107 [3d Dept 2023] [determining that both the text of the statute and the legislative history of the repeal weighed against a retroactive application]; *Ruth v Elderwood At Amherst*, 209 AD3d 1281, 1287 [4th Dept 2022] [finding that the expressions of the legislative intent were insufficient to show that the repeal was meant to apply retroactively]).

The court thus concludes that, pursuant to EDTPA, HCNR is entitled to immunity from the claims asserted by the plaintiff here for the care that he received between December 15, 2020 and April 6, 2021. With respect to the criteria required to be considered by EDTPA, it is evident that HCNR was arranging for or providing health care to Temple within the meaning of that statute, and was doing so in good faith. The court further concludes that the treatment of Temple indeed was affected or impacted by those of HCNR's medical and nursing determinations or activities that had been made in response to, or as result of, the COVID-19 outbreak, and that those determinations and activities had been made in response to, as result of, or in support of the State's COVID-19 directives. The statute does not indicate that the "treatment of the individual" must be impacted one way or another, that is, it does not specify that the treatment be affected positively, negatively, or otherwise, it does not require the patient to have been uniquely impacted as compared to other patients, and it does not identify any particular aspect of, or assign weight to, any aspect of the treatment that must be impacted by such determinations and activities (*see Holder v Jacob*, 231 AD3d 73, 85 [1st Dept 2024]).

In showing that its treatment of Temple was impacted by COVID-19 and by its determinations and activities addressed thereto, HCNR submitted its COVID-19 policies, a copy

**150328/2024   TEMPLE JR., JAMES vs. HARLEM CENTER FOR NURSING AND REHABILITATION, LLC,**
**Motion No.  001**

**Page 6 of 10**

of Temple's medical records, the affidavit of Thara Cesar, who has been the licensed nursing home administrator of HCNR since August 2020, and the affidavit of Raji Ayinla, M.D., who has been the medical director for HCNR since 2016, detailing the impact that the pandemic had on the care specifically provided to Temple during that time. These submissions established the very entitlement to immunity that the EDTPA was meant to provide (*see Hasan v Terrace Acquisitions II, LLC*, 224 AD3d at 477; *Whitehead v Pine Haven Operating LLC*, 222 AD3d at 110; *Martinez v NYC Health & Hosps. Corp.*, 223 AD3d 731, 732 [2d Dept 2024]; *Mera v NY City Health & Hosps. Corp.*, 220 AD3d 668, 670 [2d Dept 2023]; *see also Holder v Jacob*, 231 AD3d at 88 ["where, as here, the CPLR 3211(a)(7) motion is predicated on what is asserted to be a complete defense, and that motion is supported by evidence, the evidence of the defense must be *conclusive*"]; *but cf. Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc.*, 228 AD3d 618, 619 [2d Dept 2024] [finding that the defendant's submission did not establish that the three requirements for immunity were met]).

In opposition, the plaintiff submitted the affidavit of Ernest Tosh, J.D., B.B.A., and the affirmation of Terrance Baker, M.D., M.S. Tosh analyzed the financial and staffing information of HCNR, and opined that HCNR was "chronically and purposefully understaffed before and during" Temple's admission. Baker opined that HCNR failed to provide actual proof of its claims for immunity under EDTPA, including whether it had the proper infection control protocols in place prior to the pandemic, and information regarding its allegedly insufficient staffing and extent of PPE available before and during the pandemic. The court finds these opinions unavailing. First, based on the plaintiff's own complaint and the medical records provided by the defendant, Temple's care with HCNR began on December 15, 2020, which was well into the pandemic and after EDTPA had gone into effect. The plaintiff has not provided any records or evidence to show that he was a resident at HCNR before December 15, 2020 or even before March 7, 2020. Thus, any claims of negligent care provided prior to the pandemic are without merit in this instant case. Secondly, HCNR's submission sufficiently addressed and detailed its

**150328/2024   TEMPLE JR., JAMES vs. HARLEM CENTER FOR NURSING AND
REHABILITATION, LLC,**
**Motion No.  001**

**Page 7 of 10**

7 of 10

infection control protocol, PPE availability, and staffing. In fact, Ayinla affirmed that, during Temple's stay, HCNR hired additional nurses from other agencies and from out of state to address the impact of COVID-19 on its regular staff. Moreover, based on Temple's medical records, he tested positive for COVID-19 on January 13, 2021, was treated, recovered, and taken off isolation in mid-February 2021. Thereafter, Temple did not become re-infected with COVID-19 before his discharge on June 8, 2021, and even received the COVID-19 vaccine on May 20, 2021, with close monitoring for side effects.

Finally, the plaintiff argued that his claims sounding in gross negligence and recklessness were not subject to statutory immunity. The plaintiff's medical records, the COVID-19 policy, Cesar's affidavit, and Ayinla's affirmation negated such claims (*see Hasan v Terrace Acquisitions II, LLC*, 224 AD3d at 479) and, hence, with respect to the allegations of gross negligence, a fact alleged to be a fact by the plaintiff is not a fact at all. Additionally, the plaintiff's allegation that the defendant had been cited for "improper infection control violations" since at least 2019 does not sufficiently support a gross negligence claim (*see id.*). In any event, allegations purporting to support a gross negligence claim that are devoid of factual specificity and replete with legal conclusions cannot survive dismissal (*see Lociero v Park Avenue Operating, LLC* [Sup Ct, Nassau County, Index No. 615904/2022, Sep. 26, 2023], citing *Godfrey v Spano*, 13 NY3d at 373). Thus, the gross negligence exception is not applicable, and HCNR is entitled to immunity under the EDTPA.

In light of the court's determination with respect to EDTPA immunity, it need not address HCNR's contention that it also was conferred immunity from suit by virtue of the federal PREP Act. Were the court to address that issue, it would be constrained to conclude that it is not entitled to PREP Act immunity. In a state court action, when addressing an immunity defense pursuant to the PREP Act, the court first must determine whether the plaintiff's claims fall within the act's immunity provision (*see* 42 USCS § 247d-6d[a][1]; *Thomas v Highland Care Ctr.*, 2024 NYLJ LEXIS 3209 [Sup Ct, Queens County, Sep. 27, 2024]). The PREP Act is triggered only

**150328/2024 TEMPLE JR., JAMES vs. HARLEM CENTER FOR NURSING AND REHABILITATION, LLC, Motion No. 001**

**Page 8 of 10**

[* 8]

where there are allegations that the defendant administered countermeasures improperly, thus causing injury (*see Whitehead v Pine Haven Operating LLC*, 2022 NY Slip Op 34685[U], *5, 2022 NY Misc LEXIS 35761, *5 [Sup Ct, NY County, Nov. 29, 2022], citing *Parker v St. Lawrence County Pub. Health Dept.*, 102 AD3d 140, 141-142 [3d Dept 2012]).  In this instance, the plaintiff's claims pertain only to the defendant's *failures* to act, and such allegations do not amount to the administration of countermeasures (*see id.; see also Adler v Troy*, 2023 NY Slip Op 33804[U], *8, 2023 NY Misc LEXIS 11547, *11-12 [Sup Ct, N.Y. County, Oct. 18, 2023], citing *Dupervil v Alliance Health Operations, LLC*, 516 F Supp 3d 238, 255 [ED NY 2021]).  Thus, HCNR is not entitled to immunity under the PREP Act.  This conclusion, however, does not affect the immunity conferred upon it by EDTPA.

As to the care Temple received between the end of the EDTPA immunity period, which began on April 7, 2021, and his discharge, which occurred on June 8, 2021, the court concludes that this portion of the complaint must be dismissed as well.  The complaint is wholly premised on care related to COVID-19 and Temple's contraction of the virus.  HCNR, however, has established that the occurrence was within the confines of the EDTPA.  Nothing in the plaintiff's complaint or opposition papers refers to alleged medical malpractice outside the scope of care related to COVID-19.  Thus, the court concludes that the plaintiff has failed to plead a cause of action referable to his time spent at HCNR between April 7, 2021 and June 8, 2021.  Hence, the entirety of the complaint must be dismissed.

This court has considered the parties' remaining contentions and find them unavailing.

Accordingly, it is,

ORDERED that the motion of the defendant Harlem Center for Nursing and Rehabilitation, LLC, to dismiss the complaint is granted, and the complaint is dismissed; and it is further,

ORDERED that the Clerk of the court shall enter judgment dismissing the entirety of the complaint.

**150328/2024   TEMPLE JR., JAMES vs. HARLEM CENTER FOR NURSING AND
REHABILITATION, LLC,
Motion No.  001**

**Page 9 of 10**

9 of 10

This constitutes the Decision and Order of the court.

__1/7/2025__
**DATE**

**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**150328/2024   TEMPLE JR., JAMES vs. HARLEM CENTER FOR NURSING AND REHABILITATION, LLC,**
**Motion No.  001**

**Page 10 of 10**

10 of 10